### J. T. LITTON v. JENNIE THOMPSON.

(No. 2843.)

SUIT ON ACCOUNT.

STATEMENT OF FACTS.

PRACTICE.— As a general rule a statement of facts is necessary to show error in the admission or rejection of evidence and in giving and refusing charges, and when the absence of a statement of facts is attempted to be supplied by bills of exception the bill or bills of exception must disclose facts enough to show that the supposed error is not merely abstract, but one which may have operated to the injury of the complaining party.

Opinion by WALKER, P. J.

STATEMENT.— This suit was brought by the plaintiff in error against Jennie Thompson, on an account for goods, wares, lumber and merchandise alleged to have been sold by plaintiff to her through and at the request of her agent and attorney in fact, John Lear. The account, the petition alleges, was contracted by John Lear with the mercantile firm of Litton & Hearn, of which the plaintiff is

37

the surviving partner; that the goods, etc., were sold and delivered to said Lear, who, they afterwards learned, was agent and bought for said Jennie Thompson said goods, wares, merchandise, etc., described in the exhibit attached to the petition; that they were received and used by said defendant Thompson. Plaintiff's account admitted credits amounting to $617.94, leaving a balance due of $456.31, for which plaintiff prayed judgment. The items of the account consist wholly of articles of dry goods, some few articles of provisions and liquor, and cash paid on orders, without stating whose order; also items of cash paid to divers persons named, without stating the charge otherwise than simply cash paid (naming the person and the amount). There was no item of charge for lumber. The items of credit given in the account were equally indefinite; no statement in the item indicating who made the payment. The account is headed, "John Lear, bot. of Litton & Hearn."

The defendant answered by a general exception and a general denial. The cause was submitted to a jury, and a verdict was rendered for the defendant. The record contains no statement of facts. The plaintiff appeals and assigns numerous grounds of error; they all relate to the exclusion of testimony; the refusal of the court to cause a certain witness to be brought into court to testify in plaintiff's behalf, who was at the time confined in the county jail; and to the charge given by the court, and to the refusal of the court to give certain instructions asked for by the plaintiff.

OPINION.— As a general rule a statement of facts is necessary to show error in the admission or rejection of evidence, and in giving or refusing charges. Hutchins v. Wade, 20 Tex., 7; May v. Ferrell, 22 Tex., 340; 23 Tex., 670; 23 Tex., 64; 25 Tex., 317; 2 Tex., 297; 11 Tex., 649; 16 Tex., 335.

To this general rule there are well-established excep-

tions, as where, under the pleadings, the charges complained of as being given are necessarily erroneous (Best *v.* Alford, 22 Tex., 397; Anding *v.* Perkins, 348), or where the bill of exceptions discloses facts enough to show that competent testimony has been excluded, the relevancy and materiality of which is disclosed by the pleadings. 7 Tex., 591; 17 Tex., 62; Galbreath *v.* Templeton, 20 Tex., 45; Fox *v.* Sturm, 21 Tex., 406; 29 Tex., 418; 27 Tex., 438.

But this case is not brought within the operation of the exceptions; there is nothing in the record whereby we are enabled to determine that a wrong result had been attained by the verdict which was rendered. The evidence before the jury may have been such as to have entitled the defendant to a verdict under the law properly applicable to the case, without regard to whether the charge given was correct or not, and irrespective of the refusal to give the instructions which were asked to be given.

The charge given by the court indicates that the evidence before the jury may have been of such a character that the defendant's liability for the goods may have depended upon circumstances which would not be controlled by the simple fact that John Lear may have been her general agent in *some particular kind of business;* and the charge may possibly have been wholly applicable to the state of evidence before the jury. Without a statement of facts we are certainly unable to assert the contrary as being a logical, necessary legal deduction. For the same reason we are unable to say that the plaintiff was injured by the refusal of the court to give the instructions asked for.

The same reasoning, remarks and authorities are alike applicable to each and all of the bills of exception. The bills of exception do not supply, by their fullness of statement of the evidence before the jury, or by showing the relevancy, materiality and connection of that which the court refused to admit as proper testimony, such facts as, if shown, would enable us to perceive whether the action of the court which is complained of could have re-

sulted to the plaintiff's injury under the evidence which was before the jury.

The charge of the court to the jury plainly indicates that the judge meant to rest the decision of the case upon certain evidence before them, concerning dealings between the plaintiff and defendant, which were had under terms and understandings defined between them, either by special agreement or else by a custom or course of dealing between them. The evidence may have shown that Lear was not the defendant's general agent for the transaction of all of the defendant's business, but that his authority may have been limited to a special subject or object which would not include his right to purchase goods, borrow money, draw orders for money, etc., on defendant's account. In the absence of a statement of facts, in order to show that an error has been committed to the plaintiff's injury, either in the charge of the court, the refusal of instructions or the rejection of evidence, the bill or bills of exception must disclose facts enough to show that the supposed error is not merely abstract, but one which may have operated to the injury of the complaining party. Nor are we able to determine the correctness or incorrectness of the court's ruling by the test of the "contention" between the court and counsel as to evidence which the appellant has not favored us with the opportunity of inspecting. This bill of exceptions is otherwise objectionable in several particulars, especially in that it does not specify what admission of fact made by Lear it was that the appellant proposed to prove to show the correctness of the account. See Styles v. Gray, 10 Tex., 503. The bill of exceptions must distinctly show that the evidence was offered at the proper time and that the court refused to admit it. Anderson v. Anderson, 23 Tex., 639. A bill stating that the plaintiff objected to the defendant proving certain facts is too general, it not appearing that objection was taken to the testimony of any witness in particular, or to any particular evidence when offered. Rains v. Hood, 23 Tex., 555.

If the plaintiff in this case has sustained an injury through the erroneous proceedings of the district court, he has failed on his appeal to adopt the means allowed by law to enable this court to inspect, and if found to be erroneous to revise and correct them. The record as presented does not disclose any error of which he may complain.

AFFIRMED.