## H. & T. C. R'y Co. v. John C. Maddox.

(No. 5333.)

DAMAGES, MEASURE OF.— Railroad employee, excessive, may be cured by a *remittitur.*

APPEAL from Grayson county. Opinion by WALKER, P. J.

STATEMENT.— On March 7, 1882, appellee brought this suit against appellant, alleging that he was engaged in running on one of the appellant's cars as a brakeman from Denison to Dallas, and that while at Dallas his hand and fingers were caught and crushed, and three of his fingers rendered useless, by reason of a bent link that was in the drawhead of the car, and with which he attempted to couple the cars, not knowing its condition; that it was bent in the middle, and slipped over the drawhead when he attempted to couple with it, and his hand was caught between the drawheads and crushed, damaging him in the sum of $15,000, which accident was caused through the negligence of appellant. On October 8, 1883, appellant filed an amended answer, pleading a general denial, and specially plaintiff's own negligence and want· of care in not inspecting and supplying a good link, or that it was the fault of a fellow-servant in not supplying a good link, as defendant's trains were supplied with them, and that it was appellee's especial duty to discover defects and supply them. Case tried by a jury, and a verdict and judgment for plaintiff for $4,000.

Appellant filed a motion for a new trial, pending which appellee entered a *remittitur* of $1,000, upon which the court overruled the motion.

Appellant assigned as error: First, refusal of the court to give special charge asked for by defendant; second, the action of the court in giving special instructions as asked for by plaintiff. The fourth error assigned relates to the excessiveness of the verdict; and fifth, that the court erred in allowing plaintiff to file a *remittitur* in the case.

OPINION.— We are of the opinion the court did not err in refusing to give the special instructions asked for by defendant, as they were not applicable to the case. The question of negligence on part of the defendant under all the facts was an issue to be determined by the jury, and their verdict is supported by evidence to show that the defendant was negligent, and that the plaintiff did not contribute to the accident by any want of care on his part. There remains but one question, whether the verdict is so excessive in amount as to require a reversal of the judgment. The rule is: "Where there is not a legal measure of damages, and where the damages are liquidated and the amount is referred to the discretion of the jury, the court will not ordinarily interfere with the verdict, unless the amount is so great or so small as to indicate that the jury must have found their verdict under the influence of passion or prejudice, or in other words that it is the result of a perverted judgment and not that of their cool and impartial deliberation. In that· event it is within the discretion of the trial court to interpose." 1 Sutherland on Damages, p. 810. It may be. inferred that the trial court may have indicated an intention to grant a new trial unless a *remittitur* should be entered of $1,000. The fact that the plaintiff yielded to such a suggestion, if made, is no concession that can injuriously affect his rights on this appeal. Gulf, West Texas & P. R. R. Co. *v.* Montier, 61 Tex., 124.

It has been held that, where an excessive verdict has resulted from passion or prejudice of the jury, the effect of a *remittitur*, to an amount satisfactory to the judgment of the court trying the case as not being excessive, would remedy the objection. But the correctness of such a practice is questioned by Sutherland, in his work on Damages, as being a departure from sound principles and practice. 1 Sutherland on Dam., pp. 813, 814, and cases there cited. We do not think, however, that such a question is here involved.

                                                    AFFIRMED.