## J. A. CREAGER v. N. S. DOUGLASS, ADMINISTRATRIX.

### No. 6404.

1.  **Depositions—Amending Defects by Officer.**—Depositions were taken and returned; the return was in accordance with the statute. The jurat was defective, and without authority of the court, counsel for the party taking the depositions detached the answers and sent them to the officer, who having corrected the jurat returned the answers.   *Held,* that such withdrawal, etc., were such irregularities as to be fatal to the use of the answers as testimony afterwards.

2.  **Manner of Taking Depositions.**—The statute intends to secure and preserve evidence of the correctness of depositions and of their freedom from being tampered with by the observance of the regulations prescribed, and not otherwise.

3.  **Locative Interest—Custom.**—Plaintiff sued for a locative interest in a tract of land, alleging an express contract.   *Held,* that under such allegation it was error to admit in evidence the custom with land locators.

4.  **Testimony Incompetent.**—A surveyor was permitted to testify, over objection:   "I understood I was locating the scrip for Creager and Douglass; that the scrip belonged to Douglass, and that Creager had a locative interest in it."   *Held,* that the testimony was incompetent.

5.  **Practice—Admission of Improper Testimony.**—It must be assumed that every judge who has heard improper evidence, upon concluding that it should not have been admitted, is able to and does in fact discard it from his consideration when deciding the cause.

6.  **Practice in Supreme Court.**—In absence of testimony to support the plaintiff's alleged cause of action, on appeal a judgment in his favor may be reversed and cause dismissed.

APPEAL from Wilbarger.    Tried below before Hon. A. K. Swan, Special District Judge.

The opinion contains a statement.

*Stevens & Herbert* and *Thompson & McGhee,* for appellant.—1.   When depositions have been suppressed on account of failure to comply with the law in the method of their transmission from the officer taking to the court where same are to be used as evidence, a correction of a certificate has nothing to do with their validity, and the sending same back and forth after this, in proper envelopes and under proper receipts, does not render such depositions competent evidence; and appellant insists here-

under that the statute on the subject of proper transmission is mandatory, the commission to take said deposition positively commanding how same shall be transmitted to court where used. Rev. Stats., art. 2231; Laird v. Ivens, 45 Texas, 622; Garner v. Cutler, 28 Texas, 175.

2. Plaintiff must recover, if at all, upon the case set up in her petition, and her evidence must correspond with her allegations; and evidence not supported by her allegations is as faulty to sustain a judgment as allegations totally unsupported by evidence. Gammage v. Alexander, 14 Texas, 414.

3. A contract to need the use of custom in its construction must leave some room for construction—must in some way be ambiguous or doubtful in its meaning. And when custom is, resorted to to ascertain the agreement made by the parties, then the custom must be general and so well known by the defendant that he is presumed to have entered into the contract with such custom forming the basis or entering into its terms. 2 Pars. on Con., pp. 541, 544, 546; Wootters v. Kauffman, 67 Texas, 488; Smith v. Barringer, 33 N. W. Rep., 166.

4. "Faith" (in the justness of a cause) "comes by hearing" with a district judge the same, with a little less potency, perhaps, as with a juror, and it is very hard for one to say after hearing so much incompetent testimony that the cause has not been decided on such testimony. Sharp v. Baker, 22 Texas, 307; Eborn v. Cannon, 32 Texas, 231.

*Duncan G. Smith* and *Britt & Easton*, for appellee. — 1. The court did not err in overruling defendant's motion to suppress depositions of witness A. J. Williams, because at a former term of the court a motion of defendant to suppress said depositions on account of clerical errors had been sustained, and upon motion of plaintiff they had been corrected by the officer who took them. Chapman v. Allen, 15 Texas, 278; Railway v. Shirley, 54 Texas, 126; Rev. Stats., arts. 2223, 2225.

2. The judgment of the court is warranted by the pleadings and evidence. Denison v. League, 16 Texas, 399; Burrell v. The State, 18 Texas, 713; Baker v. Smith, 8 Texas, 346; Horton v. Reynolds, 8 Texas, 288; Shipman v. Mitchell, 64 Texas, 174; 1 Greenl. Ev., secs. 13, 13a (and notes), 38, 41, 47, 48, 51a.

3. The court did not err in admitting evidence of custom among land agents in locating land certificates handled for each other, because a circumstance tending to prove a contract and the interest fixed by the contract. Harris County v. Campbell, 68 Texas, 22; Harrell v. Zimpelman & Bergen, 66 Texas, 294; Shipman v. Mitchell, 64 Texas, 174; Neill v. Keese, 5 Texas, 23.

HENRY, ASSOCIATE JUSTICE.— This suit was brought by J. H. Douglass against J. A. Creager to recover an undivided interest of 507 acres of

land in a tract of 1227 acres patented to said Creager as the assignee of J. A. Williams.

The petition charged that a land certificate belonging to Williams was placed by him in the hands of Douglass for location, and that Douglass turned it over to Creager to be by him located, and that there was made between Douglass and Creager an oral contract that Douglass should receive from Creager one-half of whatever compensation was received by Creager for making the location. Creager answered by a general denial.

Douglass died, and his wife as his administratrix became a party plaintiff and recovered judgment.

The evidence shows that Creager received 507 acres for making the location, and that he purchased from Williams the remainder of the survey.

The plaintiff took the deposition of Williams and it was returned and filed in the clerk's office. It appears that the endorsements upon the envelope were in proper form, but the certificate of the officer who took the deposition was not full enough, and for that reason plaintiff's attorney, without authority, withdrew the deposition from the custody of the clerk and returned it to the officer who took it, with instructions for him to make the desired addition to his return. The clerk made the correction and returned the deposition by mail to the clerk of the court in which the cause was pending, by whom it was received and filed, without the second envelope having on it the endorsements required by the statute.

Upon motion of defendant the court suppressed the deposition because it had not been properly returned, but gave plaintiff permission to withdraw and return it to the officer by whom it was taken for the purpose of being properly returned by him. The witness died before the first correction was made.

In accordance with the permission of the court the deposition was a second time returned to the officer by whom it was taken, and was by him returned to the court properly endorsed, when it was filed.

A motion setting up the above facts was made by defendant to suppress the deposition, which was overruled.

Considering the strict provisions of our statute with regard to the return of the deposition, we think the first withdrawal and return of the deposition was such an irregularity as to be fatal to its use afterwards. No doubt all certificates and endorsements connected with the return of a deposition may be amended in the presence of the court upon notice to the parties interested, and we can see no sufficient reason why the court should not have the power to direct, under proper regulations and safeguards, its being done elsewhere, but it should not be done without the permission of the court.

The statute intends to secure and preserve evidence of the correctness of depositions and of their freedom from being tampered with by the observance of the regulations prescribed, and not by means of an inspec-

tion of the deposition or through ex parte evidence showing the same things.

Notwithstanding plaintiff sued upon an express contract, the court permitted her to prove her cause of action by evidence of the existence of a custom, in substance that the locator of a land certificate usually divides his fees with the person who procures or furnishes the certificate. In this there was error.

The court permitted the surveyor who surveyed the land at the instance and under the direction of Creager to testify as follows: "I understood I was locating the scrip for J. A. Creager and Jim Douglass; that the scrip belonged to Douglass, and that Creager had a locative interest in it."

We think the evidence should have been excluded. The cause was tried by the court without a jury, and some other evidence clearly inadmissible was heard by the court but was excluded from consideration in forming conclusions of law. It is insisted that the judgment should be reversed because the court heard such evidence and was therefore liable to be somewhat influenced thereby.

We can not agree to this proposition. The court may, in some instances, have to hear evidence to be able to properly decide upon its admissibility. But independently of that it must be assumed that every judge who has heard improper evidence, upon concluding that it should not have been admitted, is able to and does in fact discard it from his consideration when deciding the cause.

We think that the evidence is insufficient to support a recovery by plaintiff, and the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

Delivered May 27, 1890.