H. H. COOPER v. T. H. HINER ET AL.

No. 660.—Decided May 2, 1898.

**1. Briefs—Proposition—Abandoment of Asssignment.**

Under Rule 29 for Courts of Civil Appeals, an assignment of error copied in appellant's brief which does not contain or is not followed by a proposition supported by appropriate statements from the record, may be disregarded by the court. (P. ·659.)

**2. Same—Amended Rules Construed—Requiring New Brief.**

Rules 29 and 30 as amended (87 Texas, XLI, XLII), do not restrict the court in case of violation of Rule 29 to requiring a new or amended brief. The "other requirements" therein mentioned, for failure in which a new brief may be required, are those other than prescribed by Rules 29 and 30. (P. 660.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Hood County.

*N. L. Cooper*, for appellant.

*Jno. J. Hiner*, for appellee.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court the following statement and question:

In disposing of this appeal, we treated the assignments of error as waived, because not briefed as required by the rules; that is to say, most of the twenty-one assignments of error, which were presented on eight typewritten pages, were not within themselves propositions, nor were propositions submitted under them, nor were they supported by appropriate statements from the record. It is now insisted in a motion for a rehearing that we had no right to refuse to consider the assignments of error, but that since rule 30 prescribed for this court was amended, June 29, 1895 (87 Texas, XLI, XLII), the only proper practice is to strike out the brief and require a proper brief to be filed, or to require it to be amended, within our discretion, as provided in said amended rule 30.

"This contention seems plausible, and as it involves a construction of the rules upon an important question of practice, we deem it advisable to certify to your honors for decision the question:

"Whether since said amendment the courts of civil appeals may disregard an assignment of error copied in the brief of appellant, because it does not contain or is not followed by a proposition, supported by

appropriate statements from the record, or is otherwise not briefed in accordance with the rules,—the brief of appellee, as in this case, not being such as to warrant a disposition of the appeal thereon?"

The following rules prescribed by the Supreme Court for the government of the Court of Civil Appeals in the presentation of cases in that court by brief, declare the law applicable to the question propounded above:

"29. The appellant or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements, shall be regarded as abandoned.

"30. The appellant or plaintiff in error in preparing his brief shall, as an introduction, make a general and succinct statement of the nature and result of the suit, followed by a statement of all the material facts proved upon the trial, in so far as they bear upon the issues to be presented, specifying the facts upon which there is a conflict in the evidence and giving the substance of the evidence adduced by each party upon such conflict. This statement will be accepted by the court as true, unless the appellee or defendant in error shall object to it and point out wherein such statement is incorrect, when the court will examine the record to ascertain which statement is sustained by the record. Then each point under each one of the assignments relied upon shall be stated in the shape of a proposition, unless the assignment itself is in the shape of a proposition to be maintained, and then it will be sufficient to copy the assignment. And in the event that either party in the brief submitted by him should fail to comply with the foregoing requirement, or with any other requirement prescribed by these rules, it shall be the duty of the court, of its own motion, either to strike out the brief, and to require a proper brief to be filed, or to require it to be amended, as in the discretion of the court may be deemed best. Upon failure of the party to comply with the order of the court requiring a new brief to be filed, or an amendment to be made, the court shall, if the plaintiff in error or appellant be at fault, dismiss the cause, and if the fault be on part of defendant in error or appellee, shall disregard his brief."

It will be seen that rule 29 expressly provides that all assignments not presented in accordance with its requirements "shall be regarded as abandoned." Under this rule the assignments which the Court of Civil Appeals says "were not within themselves propositions, nor were propositions submitted under them," were not properly before that court for consideration, and whether that rule be regarded as mandatory or directory the Court of Civil Appeals had the authority to disregard the assignments specified in the statement.

Rule 30 does not supersede rule 29, but adds to its requirements those things which it was believed would facilitate the dispatch of business in the courts of civil appeals. If a brief complies with rule 29, the assignments cannot be "regarded as abandoned," although it fails to comply with the additional requirements of rule 30, but in that event the court of civil appeals may either strike out the brief and require a new one to be filed, or it may direct the party to amend his brief in such particulars as may be necessary. On the other hand the most exact statements of the evidence will not entitle the party to be heard if he fails to comply with rule 29, for if the assignments have been abandoned there is nothing to which the statements can relate. The use of the language "and in the event that either party, in the brief submitted by him, should fail to comply with the foregoing requirements or with any other requirements prescribed by these rules" does not refer to the requirements of rule 29, but to other things that are required to be done in the formal preparation of the brief, not expressed in rule 29 or 30.

We answer the question in the affirmative.