## M. WILLIS v. J. M. HATFIELD.

Decided January 14, 1911.

**1.—Appeal—Defective Brief—Insufficient Statement.**

An assignment of error was as follows: "The court erred in sustaining appellee's general demurrer and exceptions to appellant's special answers, exceptions and demurrers to plaintiff's petition, and striking the same out. Rec.—3." The brief contained no statement under this assignment, and the only reference to the record was to the page of the transcript setting forth the petition which contained the demurrer and exceptions. There was nothing to show that the court did in fact act on and sustain the demurrer and exceptions. Held, the assignment was not entitled to consideration.

**2.—Same—Exclusion of Evidence.**

An assignment of error based upon an alleged ruling of the court excluding evidence can not be considered when there is no statement from or reference to the record in the brief informing the appellate court what objections to the evidence were made or sustained, nor that bills of exceptions were taken to the rulings of the court.

**3.—Same—Irresponsive Verdict.**

An assignment of error to the action of the court in receiving a verdict because the same was not responsive to the pleadings, can not be considered when it does not point out in what particular the verdict is not responsive.

**4.—Same—Summoning Jury—Failure to Swear Sheriff.**

An assignment of error to the action of the court in failing to swear the sheriff before he summoned a jury, can not be considered when it is not shown from the record that the court did so fail, and that the appellant took a bill of exceptions to such failure.

**5.—Practice on Appeal—Absence of Assignments of Error.**

In the absence of assignments of error which an appellate court might consider, it will simply look to the record for the purpose of determining whether the court had jurisdiction to render the judgment it did under the pleadings.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Geo. A. Watts,* for appellant.

*P. M. Stine* and *Allen, Jones & Allen,* for appellee.

CONNER, CHIEF JUSTICE.—As indicated by the original petition, appellee instituted this suit to recover the possession of three hundred, eleven and one-half acres of land situated in Clay County, claiming by virtue of a valid lease from Rains County alleged to be the owner in fee simple. Appellant answered claiming the right of possession by virtue of a former lease, and also pleaded in estoppel the judgment of a Justice's Court in a forcible entry and detainer suit to which it was alleged the plaintiff was a privy and therefore bound. The trial resulted in a judgment in behalf of the plaintiff, appellee herein, and the defendant has appealed.

Appellee has formally objected to a consideration of any of the assignments of error, and we find ourselves under the necessity of

sustaining the objections. The statute (Revised Statutes, article 1018) requires all assignments of error to distinctly specify the grounds upon which the party presenting the assignment relies; and rules 24 to 26, inclusive, provide not only that assignments must distinctly specify the grounds of error relied upon, but also in a particular manner to point out that part of the proceedings contained in the record in which consists the error complained of, so as to identify it. Rules 29 to 32, inclusive, provide that assignments should be followed by appropriate propositions and statements, and that when not so done the assignment shall be regarded as abandoned.

Appellant's first assignment is that "the court erred in sustaining appellee's general demurrers and exceptions to appellant's special answers, exceptions and demurrers to plaintiff's petition and striking the same out. Rec.—3." There is no statement following this assignment, and the only reference to the record is to the page of the transcript setting forth appellee's petition which contains the demurrers and exceptions. If the court in fact sustained the demurrers and exceptions, as asserted in the assignment, it is not shown by any statement from or reference to the record by which we can verify it.

The second, third, fourth and fifth assignments complain of the court's rejection of certain evidence and documents therein referred to, and there is no statement from or reference to the record under any one of these assignments informing this court what objections to the evidence were made or sustained, or even that bills of exceptions were taken to the rulings of the court.

The sixth assignment urges an objection to the court's peremptory instruction in appellee's behalf on the ground that the title to the land was in Rains County, but the assignment, as before, is not followed by a proposition or statement of any kind.

The seventh assignment is that the court erred in receiving the verdict of the jury, for the reason that the verdict was not responsive to the pleadings of the case, but in what particular not responsive is not pointed out.

The eighth and final assignment is that "the court erred in not administering to the sheriff or any of his deputies the oath as required by law before said sheriff summoned said jury that tried said cause; that the jury was not a jury selected by jury commissioners." If the court failed, as asserted in the assignment, and if appellant took any exception to such failure, it is not evidenced by anything pointed out other than the statement in the assignment itself.

We think it manifest under the authorities, without further discussion, that we must sustain appellee's objections to the assignments and decline to consider them other than to look to the record for the purpose of determining whether the court had jurisdiction and was authorized to render the judgment he did under the pleadings of the plaintiff, and this we have done. See Cage v. Tucker's Heirs, 25 Texas Civ. App., 48 (60 S. W., 579); Cooper v. Hiner, 91 Texas, 658; Guerguin v. McGown, 53 S. W., 585.

Judgment affirmed.                                    *Affirmed.*