## UNITED PRODUCERS' PIPE LINE CO. v. LANTRY–FIKE CONST. CO.
### (No. 9693.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 12, 1921, Rehearing Denied Jan. 21, 1922. Writ of Error Dismissed for Want of Jurisdiction March 15, 1922.)

1. **Depositions** ⬅73—**Return of deposition held in substantial compliance with the statute.**

Where person who received deposition from the notary public who took it handed it to an attorney for one of the parties, in the district court room, who, in his presence and sight, immediately handed it to and filed it with the district clerk, and where both such person and such attorney made affidavits stating such facts, the return was in substantial compliance with Rev. St. art. 3662.

2. **Judgment** ⬅256(6)—**Entry of judgment for amount of pipe line alleged, notwithstanding verdict finding greater amount constructed, held not error.**

Where the jury found more due than plaintiff had alleged, the action of the court in receiving remittitur offered by the plaintiff and in granting the plaintiff a judgment for the amount alleged by him *held* not error, as against contention that it constituted a substitution of a finding by the court for the finding by the jury in violation of Rev. St. arts. 1986 and 1990.

On Motion for Rehearing.

3. **Appeal and error** ⬅742(1)—**Assignments of error not followed by appropriate propositions and statements regarded as abandoned.**

Assignments of error not followed by appropriate propositions and statements from the record in support thereof are to be regarded as abandoned and not before the appellate court unless embodying fundamental error.

Appeal from District Court, Parker County; F. O. McKensey, Judge.

Suit by the Lantry-Fike Construction Company against the United Producers' Pipe Line Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Glover C. Johnson, of Fort Worth, and Hood & Shadle, of Weatherford, for appellant.

Carter & Queen, of Weatherford, and E. F. Cadwell, of Tulsa, Okl., for appellee.

CONNER, C. J. For an understanding of the question presented on this appeal, it will only be necessary to state that the appellee company sued the appellant company in the court below upon a specified contract for the construction of a pipe line from Fort Worth to Mingus, Tex. It was alleged that the appellant company had breached the contract; that during its continuance the appellee had constructed 145,740 feet of the line, for which they were to receive the specified rate of 12¾ cents per foot. There were other allegations relating to other elements of damage, about which no question is presented, and which, therefore, we need not detail.

The case was submitted to a jury upon special issues, in answer to which the jury found that the appellant company breached the contract, and that thereunder the appellee company had fully completed 246,500 feet of the line. The jury also found the value of certain extras that the plaintiff alleged had been furnished, and also the value of a certain number of feet of the line that had not been fully completed. From this statement it will be observed that the jury found

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

100,760 feet more of the line fully completed than the plaintiff had alleged. For this excess a remittitur was offered and received, and the court thereupon entered up a judgment in favor of the plaintiff company for $8,569.82, from which judgment appellant duly prosecutes this appeal.

But two questions are presented. It is first urged that the court erred in failing to sustain appellant's motion to strike out the deposition of the witness J. T. Lantry. The deposition was taken before a notary public in Oklahoma, and the reason assigned in the motion for its exclusion was that:

"It was not returned to the court in accordance with the provision of the law governing the same."

The statute relating to the subject reads thus:

Article 3662: "Depositions may be returned to the court either by mail, by a party interested in taking the same, or by any other person; and the clerk or justice taking them from the post office shall indorse on them that he received them from the post office, and sign his name thereto. If sent otherwise than by mail, the person delivering them into court shall make affidavit before the clerk or justice that he received them from the hands of the officer before whom they were taken; that they have not been out of his possession since, and that they have undergone no alteration."

Upon the hearing of the motion, as shown by the bill of exception taken to the court's ruling, E. F. Cadwell presented a formal affidavit in writing to the effect that he had received the deposition from Nell Ledford, the notary public who took it, and that it had not been out of his possession from the time he received same until he reached the court house at Weatherford, Parker county, Tex., and that—

"During said time said deposition had not been opened and had not undergone any alteration; that upon arriving at the district court room in Parker county, Tex., he delivered same to Nolan Queen, one of the attorneys for plaintiff, who immediately handed and filed same with the district clerk in his presence and sight; that said depositions were not opened and did not undergo any alteration from the time they were delivered to him (Cadwell) until they were delivered to the district clerk of Parker county, Tex."

Nolan Queen also made and presented a formal affidavit to the effect that—

The deposition in question "was given him by E. F. Cadwell in the district court room of Parker county, Tex.; that said deposition was filed by him at once and directly with the district clerk of Parker county, Tex.; said deposition was not out of his possession from the time he received it from E. F. Cadwell until delivered to the clerk of said district court; that during the time said Nolan Queen had said deposition in his possession it did not undergo any alterations nor was it opened by him or by any one else after he received same until same was delivered to the said district clerk and was in the same condition when he delivered it to said clerk as when he received it from the said E. F. Cadwell."

[1] We are in accord with the opinion of our Supreme Court in the case of Creager v. Douglass, 77 Tex. 484, 14 S. W. 150, to the effect that the statute quoted is intended to secure and preserve evidence of the correctness of the deposition and of their freedom from being tampered with, by the observance of the regulations prescribed. But in the case before us if the return was not in literal compliance with the terms of the statute, it was certainly, as we think, in substantial compliance therewith, and hence the court did not err in overruling the motion. To hold otherwise would be to give greater effect to the letter of the law rather than to its substance and spirit.

[2] Error is next assigned to the action of the court in receiving the plaintiff's remittitur and in entering up a judgment as he did, the contention being, in substance, that upon the incoming of the verdict that the only lawful action that the court could take was to enter up a judgment in accordance with the jury's special finding, or to set it aside wholly and grant a new trial. That the action of the court in receiving the remittitur and in granting the appellee a judgment for the full amount of the finished line alleged by him was, in effect, a substitution of a finding by the court for the finding of the jury, which should not have been done.

In aid of these contentions, appellee cites articles 1986 and 1990 of the Revised Statutes and Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Casey Swasey v. Ins. Co., 32 Tex. Civ. App. 158, 73 S. W. 864; Arkansas Co. v. Bank (Tex. Civ. App.) 137 S. W. 1179; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; McLemore v. Bickerstaff (Tex. Civ. App.) 179 S. W. 537; Essex v. Mitchell (Tex. Civ. App.) 183 S. W. 399; Swearingen v. Swearingen (Tex. Civ. App) 193 S. W. 442; Benton v. Jones (Tex. Civ. App.) 220 S. W. 193; Ford v. Honse (Tex. Civ. App.) 225 S. W. 860; Lakewood Heights Co. v. McCuistion (Tex. Civ. App.) 226 S. W. 1112.

The articles of the statutes referred to provide that as between the parties a special verdict is conclusive as to the facts found, and that in cases where a special verdict has been rendered the court shall render judgment thereupon, unless the same be set aside and a new trial granted; and the cases cited announce the rule very frequently applied that on the incoming of a special verdict, as in the case before us, the court has but two alternatives: One is to set aside the verdict and grant a new trial, and the other is to render a judgment upon and in conformity therewith. We are of the opinion, however, that the principle of these

cases has no application to the question before us. The judgment, as finally rendered, merely ignores a redundancy and is substantially in accordance with the verdict and not in conflict therewith. It is a familiar rule that the whole includes all of its parts, and the finding of the jury that the appellee had completed 246,500 feet of the pipe line includes a finding that it had completed 145,-740 feet, as alleged, and the effect of the remittitur and of the ruling of the court was simply to disregard the excess in feet found by the jury, for the reason that it was not supported by the pleadings, and therefore wholly unauthorized. Our reports abound in cases holding that no effect can be given to undisputed facts, a verdict or a judgment that has no support in the pleadings, and we think it would have been the duty of the court, his attention thereto being called, to have entered judgment, ignoring the excess found, as he did, even in the absence of a remittitur on the part of the plaintiff. It is not contended that the evidence is insufficient to support the finding of the full number of completed feet alleged by the plaintiff, or, indeed, the full number of completed feet found by the verdict of the jury. Nor is any complaint made of the verdict on the ground that it evidences misconduct or prejudice on the part of the jury. The court's ruling certainly was not to the prejudice of appellant, and we accordingly conclude that no reversible error has been shown in respect to the subject last considered.

All assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

Complaint is made of what is termed an inaccuracy in our opinion. It is urged that "no complaint was made of the sufficiency of the evidence to support the finding of the jury as to the amount of finished work," and that it was also inaccurate to say that "no complaint was made of the verdict on the ground that it evidences misconduct or prejudice on the part of the jury." It is asserted that "both of these grounds were called to the attention of the trial court, and they were both incorporated into the assignments of error in this court."

The brief of counsel incorporates, after the opening statement of the case, six assignments of error. The first is that—

"The court erred in overruling and in failing to sustain defendant's motion to strike out the deposition of the witness J. T. Lantry for the reasons set forth in defendant's bill of exception No. 1."

The second is that—

"The court erred in refusing to set aside the verdict of the jury for the reason that there was no testimony adduced on the trial of the cause upon which the answer of the jury to special issue No. 1 could have been based."

But two propositions were presented in the brief. Those are the propositions discussed in our opinion. While some of the following assignments may be construed as questioning the sufficiency of the verdict to support a finding of 145,740 feet of completed line and "that the jury was wrongfully prejudiced against defendant in that it found that an amount of finished work had been done on the job by plaintiffs far in excess of that claimed by plaintiffs," yet neither statements nor propositions follow these assignments in appellant's brief. So that, we think we were entirely accurate, as presented to us for determination, in stating that—

"It was not contended that the evidence is insufficient to support the finding of the full number of completed feet alleged by the plaintiff, * * * nor is any complaint made of the verdict on the ground that it evidences misconduct or prejudice on the part of the jury."

[3] As we understand the rules of briefing in this court, assignments of error not followed by appropriate propositions and statements from the record in support thereof are to be regarded as abandoned and not before us for consideration unless embodying fundamental error. See Neal v. Ry. Co., 37 Tex. Civ. App. 235, 83 S. W. 402; Insurance Co. v. Ford, 61 Tex. Civ. App. 412, 130 S. W. 769; Willis. v. Hatfield, 63 Tex. Civ. App. 582, 133 S. W. 929; Cooper v. Hiner, 91 Tex. 658, 45 S. W. 554.

In other respects we find nothing requiring additional discussion or that has changed our views as originally expressed.

Motion for rehearing will, accordingly, be overruled.