**GENERAL ACC. FIRE & LIFE INS. CORPORATION v. BUNDREN.    (No. 627–4487.)** *

(Commission of Appeals of Texas, Section B. May 12, 1926.)

**1. New trial** &#9755;162(1)—**Where amount in which verdict is excessive can be determined by fixed rules, remittitur of excess may be received as answer to motion for new trial on ground of excessive damages.**

Where there is some fixed rule to regulate measure of damages by which it may be determined how much verdict is excessive, a remittitur of excess may be received as an answer to motion for new trial on ground of excessive damages. .

**2. New trial** &#9755;162(3)—**In absence of definite rules for determining amount by which verdict is excessive, or answer to special issue is unsupported by evidence or shows passion or prejudice by jury, new trial should be granted.**

Where there are no fixed rules or evidence to determine amount by which verdict is excessive, or where answer to special issue on material facts is unsupported by evidence or shows

---

existence of passion or prejudice on part of jury, a new trial should be granted on grounds of excessive damages.

**3. New trial ☞162(3)—Trial judge cannot remit part of verdict, where it evidences existence of passion or prejudice, but new trial should be granted.**

Trial judge is not authorized to substitute own judgment and remit part of verdict, where verdict evidences existence of passion, or prejudice, since there is no fixed. rule by which amount of remittitur may be determined, and new trial should be granted.

**4. Master and servant ☞418(5)—Judgment reducing percentage of incapacity where evidence warranted finding of larger percentage is prejudicial to employee, but acquiescence in judgment estops employee from claiming benefit of error (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—18, 5246—19).**

Where evidence was sufficient to authorize finding that employee suffered loss of 75 per cent. of normal capacity to labor, judgment reducing' percentage of incapacity to 50 per cent., under Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—18, 5246—19, was erroneous and prejudicial to employee, but acquiescence in judgment estops employee from claiming benefit of error.

**5. Master and servant ☞417(9)—Filing of remittitur of portion of percentage of incapacity found by jury and judgment thereon held proper (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1986, 1990, 1994, 2012, now Rev. St. 1925, arts. 2202, 2209, 2211, 2227; Vernon's Sayles' Ann. Civ. St. 1914, art. 2013).**

In suit by insurer to set aside award under Employers' Liability Act, filing of remittitur by .claimant of portion of percentage of incapacity, and judgment for less amount than verdict of jury authorized, is not in violation of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1986, 1990, now Rev. St. 1925, arts. 2202, 2209, in view of articles 1994, 2012, now Rev. St. 1925, arts. 2211, 2227, and also Vernon's Sayles' Ann. Civ. St. 1914, art. 2013, allowing remittitur.

**6. Master and servant ☞418(5)—Judgment for less than verdict is not prejudicial to compensation insurer, and cannot be complained of on appeal.**

Irregularity of rendering judgment for less amount than verdict of jury authorized to injured employee after filing of remittitur by employee is not prejudicial to employer's insurer, and cannot be complained of on appeal.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by the General Accident Fire & Life Insurance Corporation against Lee W. Bundren to set aside an award made in defendant's favor by the Industrial Accident Board, in which defendant filed a cross-action. A judgment of the Court of Civil Appeals (274 S. W. 671) affirmed a judgment for defendant, and plaintiff brings error. Affirmed.

Hudson, Chamberlain & Green, of Dallas, for plaintiff in error.

Spearman Webb and Ed. Westbrook, both of Sherman, for defendant in error.

SHORT, J. The opinion of the Court of Civil Appeals rendered in this case is reported in 274 S. W. 671, from which it appears that an appeal from the award of the Industrial Accident Board was taken by the plaintiff in error against the defendant in error, who carried a policy of insurance with the former in compliance with the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). Upon the trial in the district court, where the defendant in error filed a cross-action, judgment was rendered that the plaintiff in error take nothing and that the defendant in error recover certain sums of money together with his attorneys, who are shown to have an interest in the recovery. The case was tried on special issues submitted, and the jury found in response to the issues that the defendant in error had not recovered from the injuries sustained by him, and that he would never recover entirely, which findings are not attacked. However, the third question, "What percentage, if any. of his incapacity to labor in the future has been caused by the injuries?" to which the jury answered 75 per cent., is attacked by reason of the fact that, after the verdict was returned, the trial judge indicated that he thought the percentage of the incapacity found by the jury was too large and counsel for defendant in error filed what they termed a "remittitur"; it purporting to reduce the percentage of incapacity from 75 per cent. as found by the jury to 50 per cent. Thereupon the court entered a judgment allowing the defendant in error $10.80 per week for a period of 300 weeks. The allowance of $10.80 per week for a period of 300 weeks is apparently based upon articles 5246—18, 5246—19, of Vernon's Sayles' 1918 Supp. Statutes, which provide that, while the incapacity of the employee for work resulting from the injuries is partial, the association shall pay him a weekly compensation equal to 60 per cent. of the difference between his average weekly wages before his injury and his average weekly wage-earning capacity during the existence of such partial incapacity. When the jury answered the three questions submitted to it, the defendant in error filed a motion to render judgment on the pleadings, evidence, and findings of the jury in a lump sum amounting to $4,845. This motion was filed May 10, 1924, and on May 17th it came regularly on to be heard, and the court formally granted the same, except as to that part referring to a lump sum, and, after reciting certain facts in addition to those found by the jury as a basis therefor, including the questions and answers of the jury, the judgment of the trial court proceeds as follows:

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"It appearing to the court further that the said defendant, Bundren, has filed remittitur in this case of all future incapacity suffered by him as shown by the pleadings, evidence, and finding of the jury and judgment of the court in excess of 50 per cent. of future permanent incapacity to labor. * * * It is therefore the order, judgment, and decree of the court that the plaintiff General Accident Fire & Life Insurance Corporation, Limited, do have and recover of and from the defendant, Lee W. Bundren, nothing by reason of this suit. It is further ordered, adjudged, and decreed that the defendant, Lee W. Bundren, do have and recover of and from the plaintiff General Accident Fire & Life Insurance Corporation, Limited, the sum of $270, together with 6 per cent. interest thereon from the 24th day of April, 1924, and that said defendant do have and recover of and from said plaintiff the further sum of $10.80 per week for 300 weeks, payable weekly beginning April 24, 1924."

After this judgment rendered upon this motion of the defendant in error had been entered, the plaintiff in error having previously filed on April 25, 1924, an original motion for a new trial, and on May 10, 1924, having filed an amended motion, thereafter filed a supplemental motion for a new trial, in which, among other things, it complained of the verdict of the jury on the ground that it showed the jury was influenced by passion and prejudice and was not guided by the evidence. These motions for a new trial were on the 17th of May, 1924, overruled. Plaintiff in error also filed assignments of error on August 27, 1924, in which it alleged that the verdict of the jury showed that it was influenced by passion and prejudice and not guided by the evidence, and was wholly unsupported by the evidence, wherein it found that the defendant in error is 75 per cent. disabled, and because the judgment is not entered upon the verdict of the jury as found by the jury on special issues, the opinion of the judge being substituted instead, and because the judgment does not conform to the verdict, and the court is without power to enter the judgment as entered, claiming that it was the duty of the trial court to either set aside the verdict in whole and grant a new trial, or enter a judgment in conformity with the judgment on special issues.

The Court of Civil Appeals having affirmed the judgment of the district court, and application for writ of error having been made to the Supreme Court, it was granted. This application contains two assignments of error, the second of which alleges that the opinion of the Court of Civil Appeals in this case is in conflict with the holdings of the various Courts of Civil Appeals in certain other cases, among which are the following: Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Casey-Swasey v. Insurance Co., 32 Tex. Civ. App. 158, 73 S. W. 864; Arkansas Co. v. Bank (Tex. Civ. App.) 137 S. W. 1179; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 516; McLemore v. Bickerstaff (Tex. Civ. App.) 179 S. W. 537; Essex v. Mitchell (Tex. Civ. App.) 183 S. W. 399; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442; Benton v. Jones (Tex. Civ. App.) 220 S. W. 193; Ford v. Honse (Tex. Civ. App.) 225 S. W. 860; Lakewood Heights Co. v. McCuistion (Tex. Civ. App.) 226 S. W. 1112.

The first assignment of error is in the following language:

"Because the honorable Court of Civil Appeals erred in holding that the court below did not commit error in requiring appellee to file a remittitur herein in violation of articles 1986 to 1990 of the Revised Civil Statutes of Texas."

To this assignment is appended the following proposition:

"The court, in cases submitted upon special issues, must either enter judgment on the verdict or grant a new trial."

These assignments of error will be discussed together, inasmuch as they refer to the same question.

Article 1994 of Vernon's Sayles' Texas Civil Statutes 1914, which is now article 2211 of the Statutes of 1925, prescribes that:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

Article 1986 of the statute first mentioned, now article 2202 of the Statutes of 1925, prescribes that:

"A special verdict found under the provisions of the two preceding articles shall, as between the parties, be conclusive as to the facts found."

Article 1990 of the statute first mentioned, now article 2209 of the Statutes of 1925, provides that:

"In all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

Article 2012 of the statute first mentioned, now article 2227 of the Statutes of 1925, provides that:

"Any party in whose favor a verdict has been rendered may in open court remit any part of such verdict; and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted."

The succeeding article of the statute is as follows:

"Any person in whose favor a judgment has been rendered may in open court remit any part of such judgment; and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted."

[1, 2] Where the law recognizes some fixed rules and principles to regulate the measure of damages, by which it may be determined in how much the verdict is excessive as in actions on contract and for torts done to property, the value of which may be ascertained by evidence, a remittitur of the excess may be received as an answer to a motion for a new trial on the ground of excessive damages. But where there are no such rules or principles by which to ascertain the excess, or if there is no evidence in the case by which thé proper amount to be remitted can be ascertained and the verdict is excessive, or where the case has been submitted to a jury on special issues as to material facts, and the answer to any one or more of the issues so submitted is unsupported by the evidence, or is so small or so great as to evidence the existence of passion or prejudice on the part of the jury in its finding, a new trial should be granted. Thomas v. Womack, 13 Tex. 580; H. & T. C. Ry. Co. v. Maddox, 2 Posey, Unrep. Cas. 313; Scott v. Farmers' & Merchants' National Bank (Tex. Civ. App.) 66 S. W. 485; Casey-Swasey Co. v. Manchester Fire Ins. Co., 32 Tex. Civ. App. 158, 73 S. W. 865; Arkansas Fertilizer Co. v. City National Bank (Tex. Civ. App.) 137 S. W. 1179.

It may be well to note here the following language in the opinion of the Court of Civil Appeals:

"We are of the opinion that the testimony, taken in its entirety, did support a finding that appellee suffered a loss of 75 per cent. of his normal capacity."

[3] And it is also well to note in this same connection that, while the plaintiff in error complained in the Court of Civil Appeals that the verdict of the jury on this particular subject showed the existence of passion and prejudice against it, there is no such assignment to be found in the application for writ of error. The authorities are almost uniform that even a trial judge in any case is not authorized to substitute his own judgment and remit a part of the verdict of the jury where such verdict evidences the existence of passion or prejudice, for the reason that the law does not recognize any fixed rule or principle by which the amount of such remittitur might be determined, and hence the only action to be taken on a motion for a new trial based upon the proven claim that the verdict is the result of passion or prejudice is to grant it.

[4] In this case, the record shows that the testimony did support a finding that defendant in error suffered a loss of 75 per cent. of his normal capacity to labor, and therefore this finding of fact by the jury is definitely proven to have been the result of the proper exercise on its part of the authority to weigh the evidence and determine the facts therefrom. In other words, the finding of fact by the Court of Civil Appeals would authorize the rendition of a judgment based upon the finding of fact by the jury that the defendant in error did suffer a loss of 75 per cent. of his capacity to labor, and the judgment of the district court to this extent was not only erroneous, but was prejudicial to the legal rights of the defendant in error, but for the fact that the latter seems to have acquiesced in the judgment rendered in his favor, and is thereby estopped from claiming the benefit of the error committed by the trial court. The Court of Civil Appeals further finds the following:

"After the verdict was returned, the trial judge indicated that he thought the percentage of incapacity found by the jury was too large."

[5] Under this finding of fact, the trial court should have set aside the verdict and granted a new trial; but, as the matter is not before us, and the Court of Civil Appeals having found to the contrary, we merely cite this finding to illustrate the idea sought to be expressed on the subject under discussion. The sole question presented in the case by the assignments of error is that the Court of Civil Appeals erred in holding that the district court did not commit error in requiring appellee to file a remittitur in violation of articles 1986 to 1990 of the Revised Civil Statutes of Texas. We do not believe that the action of the defendant in error, followed by the action of the trial court in rendering a judgment for a less amount than the verdict of the jury authorized, was in violation of the articles mentioned, since the instrument called a remittitur is of no legal importance, and, as said by the Court of Civil Appeals in its opinion, the legal situation then can stand as if none had been filed. The Court of Civil Appeals on this subject says:

"Let us suppose that no remittitur had been filed and the court had entered a judgment allowing the appellee $10.80 per week. Could the appellant complain on appeal because the award was less than the verdict of the jury authorized? We think not. In order to justify a reversal the appealing party must show not only an erroneous ruling, but one that has injuriously affected him. Manifestly the court had, in this case, the judicial power to enter a judgment for any sum of money he thought proper. The judgment entered is not void; it may be erroneous, but, if so, the error was not prejudicial to the appellant." 3 C. J. p. 629, par. 491; Litton v. Thompson, 2 Posey, Unrep. Cas. 577.

[6] In the case of United Producers' Pipe Line Co v. Lantry-Fike Construction Co., 238 S. W. 331, a similar situation existed and a similar judgment was rendered. The Court of Civil Appeals in that case held that the principle involved in the cases cited by plaintiff in error had no application to such a situation, and that the judgment as rendered in that case was substantially in accordance with the verdict and not in conflict therewith, saying that it was a familiar rule that the whole includes all of its parts. So, in this

case it is our opinion that the judgment as rendered is substantially in accordance with the verdict and is not in conflict therewith. The judgment conforms to the pleadings, the nature of the case proved, and the verdict, and has been so framed as to give the relief to which the defendant in error in part is entitled both in law and equity. Its rendition was a mere irregularity, in no wise prejudicial to the plaintiff in error, and, not being prejudicial to it, the latter has no just cause of complaint on account of the existence of such irregularity in its rendition.

We recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.