**RUMBO et al. v. RUMBO et al.  (No. 394.)***

(Court of Civil Appeals of Texas. Waco. July 1, 1926. Rehearing Denied Oct. 7, 1926.)

**Judgment** ⊜256(2)—**Where jury found for plaintiff on only issue in widow's action for interest in community property, and sufficiency of evidence was unchallenged, judgment must be for plaintiff (Rev. St. 1911, arts. 1986, 1990).**

Where by agreement only issue submitted in widow's action for one-half interest in community property was whether she elected to take under husband's will, and jury returned negative answer, judgment must be rendered for plaintiff, in view of Rev. St. 1911, arts. 1986, 1990, where sufficiency of evidence was unchallenged.

Error from District Court, Ellis County; W. L. Harding, Judge.

Suit by Myrtle Rumbo and others against Henry Rumbo and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Ross Huffmaster, of Kaufman, for plaintiffs in error.

Sharp & Gray, of Ennis, and E. M. Herndon, of Dallas, for defendants in error.

STANFORD, J. Suit by defendant in error. Myrtle Rumbo against Henry Rumbo and others, alleging that she is the surviving wife of G. A. Rumbo, and that during their marriage she and her deceased husband accumulated the property described in her petition; that she owned a half interest in said property, etc.; that plaintiffs in error are claiming all of said property and wrongfully withholding possession of same from her, etc. All parties to the suit agreed, as shown by the record, that there was but one issue to be submitted to the jury, to wit, whether or not defendant in error elected to take under the will of her deceased husband. This issue was submitted and answered by the jury in the negative, and the court, on this finding and such other findings as the evidence warranted, entered judgment for defendant in error. Other facts will be stated in our disposition of assignments by plaintiffs in error.

Opinion.

As stated above, the record discloses that the attorneys representing all parties to this suit agreed "that the only issue to be submitted to the jury, in view of the testimony, was whether or not the plaintiff had elected to accept the disposition of the property as made by the will of her deceased husband, G. A. Rumbo." In accordance with said agreement, the court submitted the following issue:

"Did the plaintiff, Mrs. Myrtle Rumbo, elect to accept the disposition of the property as made by the will of her deceased husband?"

To which the jury answered, "No." The court found:

"That in view of the answer of said jury to said special issue submitted to them as is above set out, that the plaintiff is entitled to a judgment, and that the will of G. A. Rumbo, deceased, so far as it undertakes to apply to this plaintiff, Mrs. Myrtle Rumbo, is void and nonenforceable. That the said G. A. Rumbo, deceased, married plaintiff on or about July 11, 1897. That during the period in which she lived with the said G. A. Rumbo as his wife she and the said G. A. Rumbo accumulated property and lands hereinafter set out. That plaintiff continued to live with the said G. A. Rumbo as his wife until July 24, 1922, at which time the said G. A. Rumbo died. That plaintiff and the said G. A. Rumbo owned the property hereinafter described as community estate, and that the said plaintiff was and is entitled to an undivided half interest therein, and the privilege and legal right of occupying part of same for homestead purposes so long as she may live and see fit to so occupy same."

The court fully described the property found by him to be community property be-

---

tween G. A. Rumbo, deceased, and his surviving wife, defendant in error herein, and rendered judgment for defendant in error for her one-half interest.

The record discloses that G. A. Rumbo, deceased, had been married twice; that there were five children born of the first marriage; that he and appellee, Myrtle Rumbo, were married July 5, 1897, and that there were four children born of this second marriage; that during the last marriage, the said G. A. Rumbo and wife, appellee herein, by their joint efforts acquired 63 acres of land, which was occupied as a homestead by them and three small children, the issue of the second marriage, at the time of the death of G. A. Rumbo. They also acquired another tract of 47 acres; also another small tract; also several lots in Ennis; also a life insurance policy on the life of G. A. Rumbo, payable to his estate, for a net amount of $4,058; also several thousand dollars in cash; an interest of about $1,900 in some vendor lien notes; some milk cows, horses, and mules, hogs, household goods, etc.—all of which were community property of defendant in error and her deceased husband, G. A. Rumbo. The said G. A. Rumbo, deceased, left a will, in which he undertook to dispose of the entire interest in all the community property above referred to belonging to himself and defendant in error, and in said will bequeathed to her the household and kitchen furniture, two head of horses or mules, two milk cows, one automobile, if there should be one on hand at the time of his death, all hogs, feed stuff, farming implements on hand, and the home place of 63 acres to occupy for life provided she did not remarry, etc. All other property, consisting of lands, vendor lien notes, $5,000 life insurance policy, several thousand dollars in cash, also about 360 acres belonging to the first community estate, he bequeathed to his children, naming his son by his first wife, Josh Rumbo, independent executor of his estate and guardian of the three minor children by his second wife.

As shown by the record, plaintiffs in error made no objection to the submission of the one issue submitted by the court, but agreed that this was, under the evidence, a proper issue to be submitted to the jury. In answer to said issue the jury found that defendant in error did not elect to take under the will of G. A. Rumbo. In the motion for new trial no request was made to set aside this finding of the jury. There is no contention shown by the record, either by objections to said special issue, motion for new trial, or any assignments, that said finding is not supported by the evidence. Neither are the findings of the court, by assignments of error or otherwise, challenged as not being fully supported by the evidence. This being true, the court was correct in rendering the judgment he did for defendant in error, and

the court was not at liberty to render judgment otherwise. Articles 1986 and 1990, Revised Statutes 1911; Scott v. Bank (Tex. Civ. App.) 66 S. W. 485; Casey-Swasey v. Insurance Co., 32 Tex. Civ. App. 158, 73 S. W. 864; Arkansas Co. v. Bank (Tex. Civ. App.) 137 S. W. 1179; Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Benton v. Jones (Tex. Civ. App.) 220 S. W. 193.

We have examined the contentions of plaintiffs in error to the effect that the court erred in the admission of certain evidence, and, finding no error, overrule these contentions. If, however, the court was in error in any of the respects as contended by plaintiffs in error, such error, if any, in view of the condition of this record as pointed out above, was harmless error. We have not undertaken to consider the contentions of plaintiffs in error in the order presented. We could not intelligently do so, in that none of the assignments are brought forward in the brief. None of their propositions are numbered, and none of them refer to any assignment on which based. Plaintiffs in error's brief wholly fails to comply with either the old or new rules for briefing in many particulars, and we would have been fully justified in striking out same and directing them to rebrief the case, if they so desired; but in order to avoid delay we have considered all the contentions raised by plaintiffs in error, and, finding no reversible error, overrule same and affirm the judgment of the trial court.