## M. CULLEN v. M. DRANE & SON ET AL.

### No. 3217.

**Disqualification of District Judge.**—An attachment was sued out. The plaintiffs in attachment took advice of a lawyer as to whether a town lot was subject to levy, when controlled by defendant in attachment, alleged to be the owner, although he had executed a deed to another. Upon the advice the lot was levied upon and sold under judgment of foreclosure. Plaintiffs in attachment bought the lot and instituted suit for its recovery. The lawyer consulted had become district judge, and the case was tried before him and the plaintiffs recovered. In a subsequent action for the property, the validity of the judgment being in issue, *held*, that the judge was not disqualified in the ejectment case by reason of his advice in the attachment suit.

APPEAL from Navarro.    Tried below before Hon. RUFUS HARDY. The opinion states the case.

*William Wallace Ballew*, for appellant.—All judgments are void when rendered by a court which has not the jurisdiction to try the cause.

When the judge is disqualified the court has no jurisdiction. Sam R. Frost, trial judge in Drane & Son v. Cullen et al., was of counsel in the suit out of which said suit had its origin; the said suit being the natural consequent of the proceedings in Drane, Johnson & Drane v. Hays, Martin and Cullen, planned and advised by said Frost before the attachment of the house and lot of M. Cullen as the property of P. H. Cullen. Slaven v. Wheeler, 58 Texas, 23; Newcomb v. Light, 58 Texas, 141; Chambers v. Hodge, 23 Texas, 104; Taylor v. Williams, 26 Texas, 583; 72 Texas, 92; Cool. Con. Lim., secs. 410, 413; Freem. on Judg., sec. 145; Sigourney v. Sibly, 21 Pick., 101; Coffin v. Cottle, 9 Pick., 289; 105 Mass., 219; 3 Cush., 352; Reams v. Kearns, 5 Coldw., 217; Ins. Co. v. Price, Hopk. Ch., 2.

*John D. Lee*, for appellees.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover a lot in the city of Corsicana. In the year 1883 it belonged to P. H. Cullen, who at that time conveyed it to M. Cullen.

Subsequently Drane, Johnson & Drane sued Hays, Martin, and P. H. Cullen for debt.   S. R. Frost was one of the attorneys who brought the suit for plaintiffs.   A writ of attachment was sued out by the plaintiffs and levied upon the land in controversy.   The plaintiffs recovered a judgment foreclosing the attachment lien upon the lot, under which it was sold as the property of P. H. Cullen and was purchased by Drane & Son.   Drane & Son brought a suit against P. H. Cullen and M. Cullen to try title.   In the meantime the said S. R. Frost had become judge of the District Court, and as such presided at the trial of said cause. A judgment final was rendered in favor of the plaintiffs.

Afterward this suit was brought against the plaintiffs in that suit and S. N. Pickens, who was holding under them.   The cause was tried without a jury, and a judgment was rendered for the defendants.

The plaintiffs contend that the judgment rendered in the first case in favor of Drane & Son was void, because Judge Frost was disqualified. This is the only issue in the cause.   The evidence upon it is as follows:

"About the time the attachment was levied upon the house and lot in the name of M. Cullen, Drane, Johnson & Drane consulted the said Frost as to the advisability of attaching the same, and stated to the said Frost that M. Cullen had a deed to the property from P. H. Cullen, but that the said P. H. Cullen really owned the property, and that he (P. H. Cullen) collected the rents of said house, and that as a matter of fact the real title to the same was in P. H. Cullen; that Frost, without examining the records of the county or investigating the title to the lot, told the said Drane, Johnson & Drane that it mattered not in whose name the property was; if P. H. Cullen really owned it, it was subject to attachment and they could seize it for their debt."

The mandate of the Constitution is, that no judge shall sit "where he shall have been counsel in the case."   It does not appear that Judge Frost had ever been of counsel in the case tried before him, nor that he had ever investigated or formed or expressed an opinion in regard to the title involved.   The record fails to show that he was disqualified. Railway v. Ryan, 44 Texas, 426; Slaven v. Wheeler, 58 Texas, 23.

The judgment is affirmed.

*Affirmed.*

Delivered December 11, 1891.

A motion for rehearing was refused.