MALLOW v. RAYNES.   (No. 1650.)

(Court of Civil Appeals of Texas. Texarkana. June 14, 1916. Rehearing Denied June 22, 1916.)

1. APPEAL AND ERROR ☞675 — REVIEW — STATEMENT OF FACTS AND EVIDENCE — NECESSITY.

Error in overruling a plea of privilege by defendant to be sued in another county cannot be reviewed, in the absence of statement of facts containing the evidence adduced on the hearing of such plea.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2875; Dec. Dig. ☞675.]

2. APPEAL AND ERROR ☞931(6)—HARMLESS ERROR—ADMISSION OF EVIDENCE—TRIAL BY COURT.

Where there is sufficient competent evidence to support the finding of the court, it will be presumed that inadmissible evidence received over objection was not considered in rendering judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3766; Dec. Dig. ☞931(6).]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by J. L. Raynes against C. E. Mallow. Judgment for plaintiff, and defendant appeals. Affirmed.

W. A. & H. G. Evans, of Bonham, and Flippen, Gresham & Freeman, of Dallas, for appellant. Cunningham & McMahon, of Bonham, for appellee.

HODGES, J. The appellee instituted this suit in the justice court against the appellant to recover the sum of $150 for the breach of a contract. It was alleged that the appellant contracted to deliver f. o. b. the cars at Bailey, Tex., two carloads of corn at 94 cents per bushel; that only one carload was shipped; that this was short in the quality for which the appellee paid. This appeal is from a judgment in favor of the appellee for $110.60.

[1] Among other defenses the appellant filed a plea of privilege, claiming the right to be sued in the county of Dallas, the place of his residence. It appears from the record that the court heard this plea of privilege on the 14th day of October, 1915, and overruled it; that the case was passed for trial on its merits till the 26th of October follow-

ing. The statement of facts before us purports to be a record of the evidence that was introduced on the 26th day of October, when the case was tried. We are therefore without any record of any evidence which the court may have heard in support of the plea of privilege at the time it was passed upon. In the absence of a statement of facts showing the evidence introduced at that time, we are unable to say that the court committed any error in his ruling on the plea of privilege.

[2] The case was tried before the court without a jury. While some of the testimony objected to may have been inadmissible, there was sufficient evidence, outside of that objected to, to support the judgment of the court, and we therefore assume that the court considered the legal evidence only in rendering the judgment complained of.

The judgment of the county court is affirmed.