PENNINGTON v. FLEMING et al.   (No. 978.)

(Court of Civil Appeals of Texas.   El Paso.
May 8, 1919.)

1. APPEAL AND ERROR ☞846(5)—REVIEW— ABSENCE OF FINDINGS OF FACT OR CONCLUSIONS OF LAW.

No findings of fact or conclusions of law having been filed by the court below, the judgment must be sustained, if there is sufficient evidence to support it upon any theory of the case.

2. PARTNERSHIP ☞217(3) — EVIDENCE TO SUPPORT FINDING—PARTNERSHIP DEBT.

In an action against two defendants as partners, where the record disclosed an admitted partnership and the evidence supports a finding of partnership debt, and that the various undisputed items of the account were personally obtained by one of defendants and charged to the partnership account, the evidence is sufficient to support findings for plaintiff.

3. FRAUDS, STATUTE OF ☞14—PROMISE TO ANSWER FOR ANOTHER'S DEBT — PARTNERSHIP DEBT.

In an action upon an open account for goods sold to an alleged partnership, where one defendant denied the relation, alleged that the other defendant was primarily liable, and pleaded the statute of frauds, held, that, where the debt was a partnership one the statute of frauds had no application.

4. PARTNERSHIP ☞219(1)—ACTION FOR PARTNERSHIP DEBT—JUDGMENT FOR ONE PARTNER AS AGAINST ANOTHER.

Where judgment was entered against two partners, it must be presumed that the court found the debt to be a partnership one as al-

leged, and one partner could not obtain judgment over against another without going into a settlement of the partnership accounts, which would not be proper in such an action.

Appeal from Palo Pinto County Court; J. T. Ranspot, Judge.

Action by W. W. Fleming against W. H. Pennington and another. Judgment for plaintiff against both defendants, and that the defendant W. H. Pennington take nothing on his cross-action against defendant W. P. Alexander, and the defendant Pennington appeals. Affirmed.

Penix & Miller, of Mineral Wells, for appellant.

P. C. Sanders, of Strawn, for appellees.

HIGGINS, J.   Fleming sued appellant, Pennington, and appellee W. P. Alexander, upon an open account for goods, wares, and merchandise, sold and delivered, alleging that defendants were partners, and that the items in the account were sold to the partnership. Pennington, under oath, denied the partnership, and further pleaded the statute of frauds. He also asked judgment over against Alexander for any judgment which might be rendered against him upon the theory that the debt sued upon was the personal debt of Alexander, who was primarily liable therefor. The account was carried in the name of Alexander upon Fleming's books. The case was tried without a jury, and judgment rendered in favor of Fleming against Alexander and Pennington, and that Pennington take nothing by his cross-action against Alexander.

Opinion.

[1] 1. No findings of fact or conclusions of law having been filed by the court below, the judgment must be sustained if there is sufficient evidence to support the same upon any theory of the case.

[2] 2. There is no dispute as to the items of the account nor of the prices charged therefor. An examination of the record discloses an admitted partnership between Alexander and Pennington, and the evidence is sufficient to support a finding that the debt was a partnership debt. It is shown that various items of the account were personally obtained by Pennington, and that he had same charged to the account. Without detailing the evidence at length, we conclude that it was sufficient to support the finding indicated.

[3] 3. The debt being a partnership one, the statute of frauds has no application.

[4] 4. Since it must be presumed that the court found the debt to be a partnership one, Pennington could not obtain judgment over against Alexander without going into a settlement of the partnership accounts. This

was not attempted to be done, and it would not in this suit have been proper so to do.

Judgment over against Alexander was therefore properly refused. Lockhart v. Lytle, 47 Tex. 452; O'Neill v. Brown, 61 Tex. 34.

Upon the views expressed, the assignments are all without merit.

Affirmed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes