### WRIGHT v. WILLIAMSON.
### No. 683.

Court of Civil Appeals of Texas. Eastland.
April 4, 1930.

Rehearing Denied May 2, 1930.

Owen & Owen, of Eastland, for plaintiff in error.

Grisham Bros., of Eastland, for defendant in error.

HICKMAN, C. J.

For convenience the parties will be referred to as in the trial court, where W. G. Williamson was plaintiff and Julius Wright was defendant. The appeal is from a judgment in favor of plaintiff against defendant for the sum of $430.83, composed of two items. The first item was $320, which the jury found the defendant owed the plaintiff on account of the plaintiff's having paid that amount to J. A. Wright, a surveyor, for services rendered by the surveyor to the defendant under an agreement whereby the defendant was to repay the plaintiff the amount so paid to the surveyor. The balance of the judgment was rendered on a jury finding that defendant was indebted to J. F. McWilliams in the amount of $110.83 for legal services and commissions, which account had been assigned by McWilliams to plaintiff Williamson. The defendant has perfected a writ of error to this court. His brief contains five assignments of error, which will be considered in their order.

The first two assignments present that the verdict of the jury is contrary to the undisputed evidence; in that the undisputed evidence shows conclusively that the defendant never contracted to pay McWilliams for his services and never contracted to pay the plaintiff $320 for the services of the surveyor, J. A. Wright. We do not deem it advisable to set out the evidence upon which the jury's findings as to these issues were made. We think it sufficient to state that there was direct and positive evidence presenting these issues of fact. This evidence in the main was contradicted by the defendant and his witnesses, but the jury has resolved the issues in favor of the plaintiff upon competent testimony, and it is not within our province to set aside the findings.

The third assignment of error presents the contention that the answer of the jury to the special issue, wherein was submitted the question of whether plaintiff slandered defendant's title to a tract of land, was contrary to the undisputed evidence. A further statement of the case is required for an understanding of this assignment. The plaintiff loaned the defendant $3,500, and took as security therefor a deed of trust lien upon 152 acres of land near the town of Ranger.

The defendant proposed to cut this tract up into small tracts and sell these tracts for building sites, chicken ranches, etc. With this object in view, a contract in writing was executed between the plaintiff (first party) and the defendant (second party), wherein were contained the following provisions: "It is further agreed by and between the first and second parties that the said second party shall have the right to sell any part or all of the above land at best prices obtainable with the distinct understanding that all cash received shall be paid said first party as a credit on said above described note, and that all notes taken in the sale of said property shall be turned over to said first party as additional collateral, and shall be credited on the note as they are paid by the maker thereof, and it is further agreed by said first party that when the principal and interest of said $3500.00 note has been paid, that any notes held by said first party as collateral security, shall be returned to said second party, and said first party will release said land by a duly executed release of Vendor's Lien. Said first party further agrees to release small tracts of land as they are sold in order that clear title can be made the purchaser thereof."

The defendant made sales of some of the smaller tracts, and plaintiff claimed that defendant failed and refused to pay him the cash received on such sales or to deliver to him or his agent the notes procured by defendant from the purchasers. The undisputed facts disclose that plaintiff did tell prospective purchasers that defendant could not make title to any more small tracts of this land, because he, plaintiff, had a lien thereon. Different prospective purchasers testified that statements made by plaintiff caused them to decline to purchase tracts from the defendant. In this suit the defendant, by way of cross-action, sought damages against the plaintiff on account of this alleged slander of title, and the assignment complains of the answer of the jury to the effect that plaintiff did not slander defendant's title.

■ It is well established that malice is a necessary element of an action for slander of title. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; Stovall v. Texas Co. (Tex. Civ. App.) 262 S. W. 152; Humble Oil & Refining Co. v. McLean (Tex. Com. App.) 280 S. W. 557; 37 C. J. 131; 17 R. C. L. 456.

■ The jury's finding that plaintiff did not slander defendant's title was a finding that plaintiff was not actuated by malice in making the statements which he made to the prospective purchasers. That question is essentially a jury question. We would not be warranted in setting aside the jury's answer thereto and holding, as a matter of law, that plaintiff did act maliciously. This assignment is overruled.

■■ The fourth and fifth assignments of error challenge the rulings of the trial court in admitting certain evidence over the objection of defendant. While the plaintiff was on the witness stand, his attorney asked him what was to be done with the cash and all notes which came to the defendant by the sale of small tracts of land out of the 152-acre tract, to which the witness replied: "The contract I had with Julius Wright provided that Julius Wright should and would turn over and deliver to me or my agent all money and notes received by the said Julius Wright from the sale of blocks of the 152-acre tract of land as fast as said money and notes were received by the said Julius Wright."

Various objections were interposed to this testimony, among them being that the written contract was the best evidence of its own terms, and oral testimony was inadmissible to vary the terms thereof, in the absence of a pleading of fraud, accident, or mistake in the preparation of the written contract, and that said testimony was the opinion of the witness as to the interpretation to be placed upon the contract, and was self-serving. We do not believe any prejudicial error resulted to the defendant from the admission of this testimony. It was, as claimed by defendant, merely the plaintiff's opinion of the construction of the written contract, and, in most cases, should not have been admitted. But the issue upon which the testimony was admitted was defendant's cross-action for damages for the slander of his title. As above noted, the question of the existence or not of malice was an important element of that issue. A reference to that portion of the contract copied above will disclose that the testimony of the witness was not an unreasonable construction of the provisions thereof. The contract does not require, in express language, that the cash and notes received from the sale of small blocks from purchasers thereof be paid as to the plaintiff as fast as same were received, but no other reasonable interpretation thereof can be given, if the situation of the parties and the purpose of the contract be kept in mind. This contract was made for the benefit of the defendant, and it would clearly be presumed that the plaintiff did not undertake to permit the defendant to dispose of all of plaintiff's security without leaving any protection to the plaintiff. We think this testimony was clearly admissible on the issue of malice. We are also of the opinion that, since the interpretation of the contract was what we conceive to be a correct interpretation thereof, no harm could have resulted to defendant, even though the evidence should not have been admitted.

■ The other evidence, the admission of which is complained of, was testimony by the witness J. F. McWilliams to the effect that, at the time the defendant borrowed the money from plaintiff with which to purchase the 152-acre tract and executed his trust deed to secure same, defendant agreed to bear all

the expense of the examination of the title to the land, and the preparation of all necessary papers and recording fees in connection with closing the loan. This testimony was objected to because, among other reasons, it was an effort to vary the terms of a written contract by parol evidence. We do not so construe this evidence. The written contract did not relate to this matter at all. No term thereof is in any manner varied by this testimony. No provision whatever was contained in the contract as to who should bear the expense of preparing the instruments, examining the title, etc. The written contract did not undertake to cover the oral agreement testified to, and none of the terms thereof were varied or contradicted by such testimony. This proposition is overruled.

■ In addition to the assignments of error contained in appellant's brief and the propositions germane thereto, there is presented a proposition claimed to disclose fundamental error. This proposition presents that, where a case is submitted to the jury on special issues, it is fundamental error for the court to charge generally that the burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, the affirmative of said special issues. We overrule this proposition. It is expressly provided in R. S. 1925, art. 2185, that all objections to the court's charge, not made and presented to the court before the charge is read to the jury, shall be considered as waived. The very purpose of the statute would be defeated by a holding that a party litigant could suffer an incorrect definition of the burden of proof to be given in charge to the jury, and then complain thereof for the first time on appeal.

No reversible error is called to our attention in the briefs, and the judgment of the trial court will therefore be affirmed.