## MUELLER et al. v. LANDA.
### No. 8420.

Court of Civil Appeals of Texas. San Antonio. April 23, 1930.

Rehearing Denied May 21, 1930.

Douglas & Black, of San Antonio, for appellants.

Dielmann & Forster, of San Antonio, for appellee.

COBBS, J.

Appellee filed this suit against appellants to recover $1,212 for 2,640 bales of hay, alleging that appellants contracted for and hauled 15,503 bales and paid for only 9,443 bales, but reported having taken away 2,640 additional bales not paid for, leaving 3,420 additional bales unreported remaining, or 6,060 bales in all not paid for. By trial amendment appellee claimed $1,212 for 6,060 bales; and by second trial amendment his demand was increased to 6,514 bales, or $1,302.80.

On application of appellee, appellants were required by the court to prepare and file a sworn statement, and the accounting filed by them under oath was as follows:

| | |
|---|---|
| 9,443 bales hauled by appellants | $2,527.50 |
| 2,640 bales hauled by appellants | 528.00 |
| 12,083 bales hauled by appellants | $3,055.50 |
| Less seed sold to appellee | 112.50 |
| Balance paid | $2,943.00 |

The case was submitted to a jury upon the following charge, to wit: "How many bales of hay, including both good and bad, were actually hauled away by defendants after the first accounting?"

The jury answered: 6,214 bales.

A judgment was rendered in favor of appellee for $1,212 for 6,214 bales, less $112.50 for seed delivered to appellee.

Objection was made to that submission on the ground that there was no sufficient evidence to support a finding that appellants hauled away any hay in excess of the 12,083 bales reported by them.

There are no bills of exception nor any assignments of error filed herein, and the question, if any, is raised and presented in the motion for a rehearing.

This is a fact case, and all the issues were submitted to the jury, and their answer was that there were 6,214 bales taken away by appellants. However uncertain and unsatisfactory their findings of the facts were, still

there was some testimony to support the findings, and we do not think, under the circumstances, we are permitted to disturb them.

Appellants contend that some of the loose hay was eaten up by the cattle. Maltsberger was permitted to turn the cattle loose on the place. He had been sold 200 bales of hay and had received permission from appellants to turn his cattle loose on the place, and the jury had a right to conclude that 200 bales of hay were thus eaten up by the cattle and about 100 bales left on the ground.

The jury had the right to make any reasonable deduction and conclusion from the facts and circumstances in the case, and it was justified in answering the special issue submitted by the court, as it did.

The court must consider the evidence in its most favorable aspect for the appellee, disregarding conflicts and contradictions.

Appellants purchased the entire crop of 15,967 bales, and before and after the first accounting, and up to the time they finished hauling exercised complete control and ownership over such hay, although the hay remained on the land of appellee until hauled away by appellants. So that it will be seen that appellee completely performed his part of the contract.

The verdict being conclusive on the parties on all the facts, is likewise conclusive on the court.

The judgment is affirmed.