**MASSOUD et al. v. ATTEL et al.**

No. 2448.

Court of Civil Appeals of Texas. El Paso.
Oct. 16, 1930.

Fryer & Cunningham, of El Pa'so, for plaintiffs in error.

A. W. Norcop, of El Paso, for defendants in error.

**WALTHALL, J.**

Plaintiffs in error brought this suit against defendants in error for damages and to restrain them from entering the restaurant business within a distance specified in El Paso, Tex.

We will designate the parties respectively as plaintiffs and defendants as in the trial court.

Plaintiffs' petition states, in substance, that in consideration of $1,600 paid, plaintiffs purchased from defendants their restaurant fixtures, wares, and merchandise, "good will and name 'Tony's Cafe,' all upon the faith of defendants' said covenant that they would not engage in the restaurant business in the territory aforesaid"; that for a short time thereafter defendants observed their covenant; that thereafter defendants totally disregarded their covenant with plaintiffs and "did equip and open and threaten and prepare to open a restaurant" directly opposite and within 150 feet of the café purchased by plaintiffs of defendants, and did threaten to resume the business of operating a restaurant, and now pursue and threaten to pursue said business at said location, and have thereby withdrawn, and will withdraw patronage from plaintiffs in violation of their said covenant, to plaintiff's damage $1,600. The petition states the value of the restaurant fixtures, goods, wares, and merchandise bought at $200, and the value of "the good will" of the business at $1,400. Plaintiffs allege that they were induced to purchase said restaurant business and especially "the good will thereof" upon defendants' representations to them that they were retiring from the restaurant business and were going to move away from El Paso and go East and were not going into the restaurant business at or near the point where the restaurant business purchased was located, and that it was their intention and purpose to absolutely retire from the restaurant business. The petition alleges that by reason of the facts stated defendants have breached their covenant not to re-enter the restaurant business, and ask a rescission of said sale, recovery of the purchase price paid, and in the alternative for injunction restraining defend-

ants from again entering into the restaurant business within the distance stated.

The case was tried without a jury. The court found that at the time of the sale of the restaurant in controversy "defendants made no agreement undertaking not to re-enter the restaurant business in competition with plaintiffs, or otherwise." The court made other findings to the effect that defendants are now intending to open and operate a restaurant; that by doing so plaintiffs' restaurant business will be destroyed and state the value of the physical property of the restaurant; that defendants stated that it was their intention to retire from the restaurant business, which statements and acts in connection therewith led plaintiffs to think that defendants would not re-enter the restaurant business; that there was no evidence to the effect that at the time of the sale of the restaurant defendants intended to re-enter the restaurant business; that plaintiffs make no tender to restore the status quo ante of the parties.

In view of the above-quoted finding and the disposition made of the case by the judgment, the other findings are, we think, immaterial.

The court adjudged and decreed that plaintiffs take nothing by their suit, and denied the relief by injunction prayed for. Plaintiffs prosecute this appeal.

### Opinion.

Plaintiffs in error submit that the evidence does not sustain the court's finding that at the time of the sale of the restaurant defendants made no agreement undertaking not to re-enter the restaurant business in competition with plaintiffs, or otherwise. Plaintiffs alleged as the basis of their cause of action that defendants agreed and bound themselves, for the consideration stated, "not to re-enter the restaurant business." The court found against plaintiffs upon the controlling fact at issue in the case, for if there was no agreement for a consideration that defendants would not re-enter the restaurant business in competition with plaintiffs, plaintiffs would have no cause of action. The only question presented here is the sufficiency of the evidence to sustain the court's finding.

The appellate court cannot properly disturb a finding reasonably supported by competent evidence. The general rule for determining the sufficiency of the evidence to support the finding of a jury, or the trial court, is that the appellate court must consider the evidence in its most favorable aspect for the opposite party, disregarding all evidence to the contrary. Farmers' Gin Company v. Smith (Tex. Civ. App.) 28 S.W.(2d) 839, and the cases there cited; Wright v. Williamson (Tex. Civ. App.) 27 S.W.(2d) 558; Mueller v. Lander (Tex. Civ. App.) 27 S.W. (2d) 844. The determination of the preponderance of the evidence is generally for the

jury, or the court where the case is tried by the court.

A few extracts from defendants' evidence are as follows:

Mrs. Attel testified:

"In the course of the talk on that Saturday, with reference to the sale of the restaurant, furniture and fixtures and lease, there was no promise made, or any agreement made by Tony that he would not go back into the restaurant business any where. There was no discussion of that kind whereby he was agreeing not to go back into the restaurant business. I am sure of that."

Kelly Shamy testified:

"I was present down there at Ayoub's place when the $800.00 check was turned over, and on that occasion Tony Attel did not agree or state that he would not go back into the restaurant business."

Tony Attel testified: "I did not agree not to go back into the restaurant business, nothing at all was said about that. * * * . I never at any time agreed or promised that, as a part of the sale, I would not go back into business."

A. F. Ayoub testified:

"The best of my recollection is that on that occasion all that was said with reference to Tony going out of business or going away, was that Massoud asked him if he intended to open up another business like this, and all that Tony said was, 'If I was intending to open up another business like this, why would I be selling this?'"

The evidence is sufficient, we think, to sustain the finding and the judgment. If defendants made no such agreement, the judgment should be sustained.

The case is affirmed.