## FORT WORTH BUILDING & LOAN ASS'N et al. v. FIRST NAT. BANK IN LUBBOCK.

### No. 3834.

Court of Civil Appeals of Texas. Amarillo.
June 1, 1932.

Rehearing Denied June 22, 1932.

Bean & Klett, of Lubbock, for appellants.

Wilson, Randal & Kilpatrick, of Lubbock, for appellee.

JACKSON, J.

The First National Bank in Lubbock, as plaintiff, obtained judgment in the district court against Allan Barwise on a note for $1,-229.44 and against the Metropolitan Savings & Loan Association and the Fort Worth Building & Loan Association, both of Fort Worth, for the sum of $1,060.06, and against all of the defendants foreclosing its lien against a certain stock certificate issued to Allan Barwise by the Metropolitan Savings & Loan Association and placed by him with said bank as collateral to secure the payment of the note sued on.

The case was submitted to the court without the intervention of a jury.

Allan Barwise made no defense, and did not appeal from the judgment.

The loan associations answered, in substance, that the Metropolitan Savings & Loan Association had Allan Barwise, who was located at Lubbock, employed to solicit loans and sell stock, and during his employment said association issued to him a certificate

of stock of the par value of $2,000; that he became indebted to the association in the sum of $1,408.26; discontinued his employment, and the association canceled his stock certificate and gave him credit on his indebtedness for $970, the withdrawal value of his stock; that the Metropolitan Savings & Loan Association was consolidated with the Fort Worth Building & Loan Association; and that neither of said associations was notified or had knowledge that Barwise had placed the certificate with the First National Bank as collateral security on his note.

The loan associations have prosecuted this appeal.

No complaint is made of the pleadings and no contention that the judgment of the court is not supported by the evidence and warranted by the law.

One of the contested issues was whether the appellants had notice at the time that the stock certificate was issued to Allan Barwise that he intended to place it with said bank as collateral security for the payment of his note.

The appellants present as error the action of the court in overruling their motion to suppress parts of certain answers contained in the cross-interrogatories of Barwise and two of the officers of the associations pertaining to notice, because some of the interrogatories were leading and the answers were not responsive, were hearsay, opinions, and conclusions of the witnesses, and in admitting such answers in evidence over the same objections urged on the trial.

It was agreed by the parties that the motions to suppress such answers should be passed and not acted upon until the testimony was offered in the trial of the case.

The appellants do not contend that the testimony, independent of that objected to, was insufficient to support the judgment of the court.

A careful reading of the record convinces us that there was sufficient testimony before the court, independent of the testimony to which objection was made, to warrant the judgment. There is no indication in the record that the testimony objected to was considered, and we do not feel warranted in assuming that inadmissible testimony was considered, as the competent testimony as to notice was without substantial contradiction; hence we conclude that the judgment was rendered on the competent testimony presented.

"If improper testimony was admitted, the presumption obtains that the court founded his judgment on the competent testimony in the record. 'It must be assumed that every judge who has heard improper evidence, upon concluding that it should not have been ad-

mitted, is able to and does in fact discard it from his consideration when deciding the cause.' Creager v. Douglass, 77 Tex. 484, 14 S. W. 150. If there is sufficient competent evidence to support the finding, it is presumed that inadmissible evidence received over objection was not considered. Mallow v. Raynes (Tex. Civ. App.) 188 S. W. 23; Kingsville Cotton Oil Co. v. Dallas Waste Mills (Tex. Civ. App.) 210 S. W. 832; Pennington v. Fleming (Tex. Civ. App.) 212 S. W. 303; Broussard v. Le Blanc (Tex. Civ. App.) 182 S. W. 78." Wilcox v. Dillard (Tex. Civ. App.) 3' S.W.(2d) 507, 513.

See, also, King v. Sieber (Tex. Civ. App.) 50 S.W.(2d) 473; Ferguson v. Ferguson (Tex. Com. App.) 23 S.W.(2d) 673; Willis v. First National Bank of Littlefield (Tex. Civ. App.) 22 S.W.(2d) 475.

Under this record and the authorities, it is our opinion that the court did not commit reversible error in hearing the testimony complained of, and the judgment is affirmed.