

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

March 8, 1947

Hon. Weldon B. Davis      Opinion No. V-79
County Attorney
Austin County            Re:    Construction of Article 15,
Bellville, Texas                  Revised Civil Statures of
                                       Texas, qualifications of a
                                       county judge under various
                                       circumstances.

Dear Mr. Davis:

Your letter of January 10th to this Department,
requesting a construction of Article 15, Revised Civil
Statutes, 1925, in part is as follows:

"1. Is the present County Judge under the
above statutes disqualified from acting as judge
in any subsequent probate matter wherein he has
heretofore acted as counsel and especially in
new matters affecting the probate matter in which
the present said county judge has never advised.

"The present County Judge, Honorable W. D.
Bryan, was before January 1, 1947, an attorney in
this county. As an attorney, he handled numerous
probate matters, many of which are still in court,
such as guardianship matters, administration of
estates, etc. As an attorney in a case he natur-
ally advised with his clients, signed papers as
attorney for his client, etc. Now the question
is, in these probate matters, where he has former-
ly represented a guardian, executor or administra-
tor, is he now as County Judge qualified to enter
orders as County Judge on final accounts, annual
accounts, reports of sales of property, or any
other order that it may become necessary to enter?

"2. Is a special County Judge who has been
heretofore appointed by the Governor to serve in
a certain probate matter qualified to continue to
act since a new County Judge has been elected?

"Mr. J. Lee Dittert, an attorney of this City,
was, until Dec. 31, 1946, the County Judge of this

County. As the County Judge, during his tenure of office, he disqualified himself in many cases, and especially in probate matters, and in such cases where he certified his disqualifications to act to the Governor, the Governor appointed a Special County Judge to act in his stead. Now the question is this: Since Mr. J. Lee Dittert is no longer the County Judge does the Special County Judge that was appointed to act in lieu of Mr. Dittert still continue to act, or does the new Judge (Hon. W. D. Bryan) now act in such cases?"

Article V, Section 11 of the Constitution of Texas, is in part as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity of consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. * * * *"

Article 15 of the Revised Civil Statutes of Texas, 1925, is as follows:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

That part of Article V, Section 11, of the State Constitution and pertinent to our question provides that a judge is disqualified under three circumstances:

1. No judge shall sit in any case wherein he may be interested.

2. Where either of the parties may be connected with him either by affinity or consanguinity and within such a degree as may be prescribed by law.

3. Where he may have been counsel in the case.

We gather from your letter that the judge is not interested in the subject matter in any of the probate matters which will come before him, nor is he related to any of the parties interested in the subject matter being litigated before the Court. You will note from the foregoing

that if the county judge has a pecuniary interest in the subject matter over which he presides, he is disqualified. The protection of the citizens against injustice and wrong makes this enforcement essentially necessary. The impartiality which is required of a judge is incompatible with having a pecuniary interest in the subject matter of the litigation over which he presides. We assume, however, from your request that the present county judge has no interest in the subject matter of any of the cases in which he is to sit, therefore, we do not deem it necessary to discuss this phase of the law.

Also, the Constitution, as well as the statutes, forbids any judge to sit where he may have been counsel in the case. The reason for this is, of course, it would be highly impolitic for a judge to decide a question lawfully before him for adjudication, where he had previously been of counsel for one of the parties to a proceeding involving the question to be decided. In other words, such a judge is not supposed by the law to be that fair, unbiased, unprejudiced judge before whom the parties in his Court may trustfully present their controversies.

The first question that must be determined in order to answer your inquiry, is what is meant by the word "case" as used in this connection. The word "case" as used in the Constitution and this statute means any legal controversy between parties with respect to a matter of fact or of law; any justiciable matter or thing between opposing parties presented for decision; any proceeding rightly before a judge with respect to any right of the parties, whether legal or equitable, and whether it involves a property right or a personal right.

It includes orders whether interlocutory nonappealable, or interlocutory appealable orders. Thus, in a matter pending before the District Court, there may arise various legal controversies resulting in interlocutory orders from which an appeal would lie. Upon such an appeal as, for instance, venue, from the appointment of a receiver, from a temporary injunction, from the refusal of the Banking Commissioner to approve a claim presented for approval in a bank liquidation, an appeal from an order in a probate proceeding with respect to a particular claim or matter, and the like, each of which orders upon reaching the Appellate Court would be a "case", then and there properly before the Court to be justiciated - decided by the Court. We think the word "case" in

the connection being considered includes such interlocu-
tory appeals and is the case in which he must have been
counsel to one of the parties. It does not mean the gen-
eral cause, proceeding or case, out of which the inter-
locutory order arose, for that case or proceeding is not
before the Court for decision one way or the other. The
administration of an estate and guardianship in probate
is a continuing procedure and each week of the year there
may be an application filed in the Probate Court in the
same estate or guardianship. However, the subject mat-
ter in each instance may be different and entirely sep-
arate from the application filed in the same estate or
guardianship at a later and different time. For instance,
an application for the sale of real estate might be filed
and next week an application might be filed for an allow-
ance of an administrator's fees or attorney's fees, or
it might be that the county judge is called upon for an
approval of an annual or final account. In each instance
the subject matter before the Court is entirely different,
separate and distinct from the other. In Volume 6, page
230 of Words and Phrases, we find the following:

> "A proceeding in which a mother was appointed
> guardian of the person and property of her daughter
> was a 'case' within statute providing that no person
> shall sit as a judge in any case in which he has
> been of counsel, but case ended with entry of order
> appointing guardian which was a 'final' and appeal-
> able order, and judge who acted as attorney in that
> case was not disqualified from hearing and determin-
> ing question raised by order directing guardian to
> file her inventory and accounts, since that was a new
> and distinct 'case'. Organic Act. § 84, 48 U.S.C.A.
> § 636. In re Guardianship of Hitchcock, 20 Haw. 553."

Also in 33 Corpus Juris.,Page 1004,we find the
following:

> "A judge who has acted as counsel in the ap-
> pointment of a guardian or a receiver is not neces-
> sarily disqualified from acting in other matters re-
> lating to the estate. Thus he is not disqualified
> from acting in matters relating to the settlement
> of their accounts."

In the case of Title Guaranty and Surety Compa-
ny vs. Slinker, 128 Pac. 696, Justice Kane of the Supreme
Court of Oklahoma had this to say:

> "The last assignment is to the effect that the
> court erred in overruling the defendant's motion to

set aside the judgment herein on the ground that the settlement of J. I. Slinker's guardianship accounts by the county court was void, for the reason that the county judge settling said accounts was disqualified to so act, in that he had represented the said J. I. Slinker as an attorney in securing his appointment many years prior to the date of the said accounting. The only evidence offered on this point was the order removing Mr. Slinker as guardian, which contains a recital that said judge was disqualified to sit in the hearing of the petition for said Slinker's removal, in that he had been of counsel in the matter of securing his appointment. We do not think that this evidence tends to connect the county judge with the accounts settled in such a manner as to disqualify him from acting in the matter of their settlement. In the case of State ex rel McCormick v. Woody, 14 Mont. 455, 36 Pac. 1043, it was held: 'A judge who had been attorney for an administratrix is not disqualified to try a proceeding brought by certain creditors of the estate to remove her, under section 547 of the Code of Civil Procedure, providing that a judge shall not act as such where he has been attorney for either party in the action or proceeding.'"

Similarly, in Ryan vs. Geigel, 136 Pac. 804, the Court in holding that a county judge was not disqualified to enter order for the sale of a decedent's land because he had formerly been the attorney for the administrator of the estate said:

"It is urged on behalf of appellants that Noonan, the county judge, having been the attorney for the administrator, Hays, was disqualified under code section 464, Revised Statutes, to enter the order for the sale of the land. The pertinent portion of section 464 reads as follows: 'A judge shall not act as such in any of the following cases: In an action or proceeding. . . when he has been an attorney or counsel for either party in the action or proceeding, unless by the consent of all the parties to the action.' This case has been before the supreme court, and in Ryan vs. Geigel, 39 Colo. 355-356, 89 Pac. 775, the court, speaking through the late Chief Justice Steele, said: 'The proceeding to sell real estate is separate and distinct from the administration of the estate proper,

and is a special proceeding, recognized by the statute.' Judge Noonan's professional connection with the estate had entirely ceased long before proceedings were instituted in this case to sell the real estate. For several years after Noonan's election to the office of probate judge the title to the land in question was involved in an adverse proceeding in the land office. Inasmuch as Judge Noonan had nothing whatever to do, as an attorney, with the proceeding to sell the real estate, there was nothing in his early professional connection with the administration proceeding that disqualified him from later, as county judge, entering the order in question ."

In probate matters, each application which is filed is considered a case in a sense. Each order which is entered by the probate judge may be appealed from and has all the necessary requirements to make it a case under the law. Therefore, if the present county judge has advised in any particular application or matter now or hereafter before him, he is disqualified. If, on the other hand, the matter is one in which he has never advised the administrator or guardian, then it is the opinion of this Department that he is not disqualified to act just because he has advised the administrator or guardian in other matters in the same estate. With the foregoing in mind, it is the further opinion of this Department that the county judge is not disqualified to act in approving annual accounts, orders approving or confirming the sales of real estate and other orders in the same estate or guardianship in which he has acted as counsel, if he has not advised in the particular order which he is now called upon to enter or required to approve action which he had advised upon as counsel. 50 S.W. (2d) 473; 162 S.W. (2d) 419.

It is hardly conceivable, however, how an attorney who has been counsel for the administrator or guardian of an estate, could later sit as county judge and approve the final account in that particular estate without passing upon some phase of the matter on which he has formerly advised. Therefore, it is the opinion of this Department that the county judge is disqualified to approve the final account in any case in which he has acted as counsel.

Question No. 2. Is a special county judge who

has been heretofore appointed by the governor to serve in a certain probate matter qualified to continue to act since a new county judge has been elected and duly qualified?

"Art. 1932. Special judge in probate matter.

"When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist. A special judge so appointed shall receive the same compensation as is now or may hereafter be provided by law for regular judges in similar cases, and the Commissioners' Court shall, at the beginning of each fiscal year, include in the budget of the county, a sufficient sum for the payment of the special judge or judges appointed by the Governor to act for the regular county judge. As amended Acts 1939, 46th Leg., p. 187, § 1."

The statutes provide for the special county judge to act from time to time until such disqualifications cease, and it naturally follows that the purposes for which the special county judge in this case was appointed were terminated upon the present and regular county judge taking the oath of office January 1, 1947. Now, even if the present county judge is disqualified under the statutes and Constitution, he should notify the Governor of such disqualification and in turn another special county judge would be appointed in his stead. Therefore, it is the opinion of this Department, in view of the foregoing statute, that the special county judge heretofore appointed by the Governor to serve in certain probate matters cannot continue to act since the new and regular elected county judge took the oath of office January 1, 1947, and qualified on that date.(Art.1932,V.A.C.S.)

We realize that we have, more or less, discussed the matter generally, but it is impossible to render an opinion on a particular case unless we have all of the facts at hand which relate to that particular case. In the event you have a particular one in mind on which you want an opinion, you should submit all the facts pertaining to that case and state what particular order the

county judge is called upon to enter. We can then render an opinion which will cover your specific question.

## SUMMARY

(1) The present county judge of Austin County is not disqualified to act in matters of probate relating to the approval of annual accounts, reports of sale, etc., except the approval of final accounts, in which he previously advised as counsel provided that the subject matter now before him as judge has no direct relationship to that matter in which he advised as counsel. Organic Act § 84, 48 U.S.C.A. § 636. In re Guardianship of Hitchcock, 20 Haw. 553; 33 Corpus Juris., p. 1004; Title Guaranty and Surety Company vs. Slinker, 128 Pac. 696; and Ryan vs. Geigel, 136 Pac. 804.

(2) The special county judge appointed under Article 1932, Vernon's Annotated Civil Statutes, where the regular county judge is disqualified to act in probate matters, cannot continue to act after the newly elected county judge qualifies for the office, in view of the wording of the above statute: that he shall serve from term to term or until such disqualification ceases to exist.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Bruce Allen

Bruce Allen
Assistant

APPROVED MAR. 8, 1947

Price Daniel

ATTORNEY GENERAL

BA:djm:jrb

This Opinion Considered and Approved
in Limited Conference