Edna CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13389.

Court of Civil Appeals of Texas, Austin.

Jan. 21, 1981.

Rehearing Denied Feb. 11, 1981.

Michael J. Churgin, Austin, (Steven K. Green, law student intern, orally), for appellant.

Margaret Moore, County Atty., Christopher M. Gunter, Asst. County Atty., Austin, for appellee.

POWERS, Justice.

Edna Carter appeals the judgment of the trial court sitting without a jury, which directs her confinement in a mental hospital for a period not exceeding 90 days. The judgment was entered in a proceeding under Section 38 of the Texas Mental Health Code. Tex.Rev.Civ.Stat.Ann. art. 5547–38(b) (1958).

Appellant makes three complaints: (1) the trial court failed to "consider" a least restrictive alternative before directing appellant's commitment to the Austin State Hospital for observation and/or treatment; (2) the evidence is factually insufficient, under the clear and convincing standard, to support the trial court's order directing such hospitalization; and (3) the trial court erred in admitting into evidence, over objection, appellant's own testimony, without first conducting a hearing to determine her competency to testify.

■ Appellant has characterized her first complaint on appeal as one directed at the failure of the trial court to "consider" the least restrictive alternative to a mental hospital commitment. We treat her first point of error as contending that the trial court erred as a matter of law in directing appellant's observation and/or treatment to be conducted in a mental hospital.

Appellant's counsel admits that appellant is mentally retarded and argues that such retardation entitles her to "the least restrictive setting appropriate to [her] individual needs and abilities," under Section 7 of the Mentally Retarded Persons Act of 1977, Tex.Rev.Civ.Stat.Ann. art. 5547–300. He argues that such Act must be applied to the present case along with the provisions of Article 5547–38 governing temporary commitment of mentally ill persons.

■ It is unquestionably true that mentally retarded persons are given the general statutory right to a least restrictive environment commensurate with their needs and abilities. Mental retardation will not, however, bar such a person's admission to a State mental hospital if he is also mentally ill and requires such hospitalization for his own welfare and protection or the protection of others, which the trial court found to be true in this case. Tex.Rev.Civ.Stat. Ann. art. 5547–5.

The provisions of the Mentally Retarded Persons Act of 1977 cannot reasonably be interpreted to deprive a trial court, in a proceeding under Article 5547–38, of the authority given by that statute to order hospitalization of a person who is mentally ill, provided the court finds that such hospitalization is required for that person's welfare and protection or the protection of others.

■ In a proceeding under Article 5547–38, the trial court *may* order some alternative form of restriction in lieu of confinement in a mental hospital, under the express terms of subsection (c) of that statute. For the court to do so, the fact finder must declare that "the required observation or treatment can be accomplished without commitment to a mental hospital." An alternative form of restriction could, of course, include a setting less restrictive in view of the circumstances of the case.

We see no conflict in the statutes involved; indeed they are complementary and in some respects identical in their provisions applicable to persons who are both mentally ill and mentally retarded. See, *e. g.,* Tex. Rev.Civ.Stat.Ann. arts. 5547–300, § 46; 5547–75A (Supp.1980).

The trial court found that appellant "requires observation and/or treatment *in a Mental Hospital* for her own welfare and protection or the protection of others." (emphasis added). Article 5547–38 specifically directs such hospitalization when that finding is made by the trier of fact. This amounts to a finding that such hospitalization is appropriate to appellant's "individual needs and abilities." Tex.Rev.Civ.Stat.Ann. art. 5547–300, § 7. Appellant's first point of error is overruled.

■ Appellant's second complaint is that the evidence is not clear and convincing "that the appellant required hospitalization for her own welfare and protection."

Article 5547–38 authorizes commitment to a mental hospital *only* when the fact finder declares that the mentally ill person "requires observation and/or treatment in a mental hospital for his own welfare and protection or the protection of others." There is sufficient evidence in the record of this case for the court to find that, because of her mental illness, appellant would be exposed to a substantial risk of serious hurt, injury, exploitation or loss outside the protective environment of a mental hospital, there being no family members willing or able to accept, protect and supervise her.

The only evidence introduced at the hearing was the testimony of Dr. John Bateman, a psychiatrist who had observed and treated appellant during a nine-month period. He gave his medical opinion of the state of appellant's mental health and described the observations he had made of her behavior, needs and abilities.

In addition, Dr. Bateman gave his medical opinion concerning the need for institutional control to observe and treat the appellant. His testimony in that regard may be summarized as follows: Appellant's behavior sometimes generates difficulties with other patients and causes them to be hostile toward her. He is not aware of a less restrictive place that would tolerate her behavior. She presently resides in the Trinity Treatment Center at the Austin State Hospital, where the patients are generally mentally retarded as well as mentally ill. Her mental retardation inhibits a cure of her mental illness but she has improved greatly during her eleven (11) months in the Center. She cannot receive the supervision she requires in any setting less restrictive than a mental hospital. He knows of no "intermediate care facility for the mentally retarded" which has the willingness or ability to deal with a mentally ill person having appellant's particular characteristics. The mental hospital has the ultimate goal of placing appellant in an intermediate care facility where she will be provided with a surrogate parent figure who will give her the emotional contact she needs. The hospital has contacted an uncle, an aunt and a sister "in terms of their ability and willingness" to take custody of appellant, but they are not willing or able to do so at the present time.

The evidence in this case must meet the clear and convincing standard set by the Supreme Court of Texas in *Texas v. Addington*, 588 S.W.2d 569 (1980). *Addington* defined that standard of proof as follows:

"Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings.... [T]here is no requirement that the evidence be unequivocal or undisputed."

We have measured the evidence with great caution in view of the deprivation of personal liberty that is in issue. The evidence meets the "clear and convincing" standard. The trial court could properly find that appellant's hospitalization was required for her own welfare and protection and that it was appropriate for her individual needs and abilities. Appellant's second point of error is overruled.

■ Appellant's third point of error complains that the trial court erred in admitting her testimony over her counsel's objection that a *voir dire* examination must first be conducted to determine her competency to testify. She was asked several questions by the State concerning where she would prefer to reside and why. The questions and her responses were innocuous. Any error was harmless. Tex.R.Civ.P. 434.

Assuming *arguendo* that the trial court erred in admitting the testimony, we must presume that in the hearing before the court alone, the trial judge disregarded the inadmissible and relied on the competent evidence. *Creager v. Douglass*, 77 Tex. 484,

14 S.W. 159 (1890). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.